JAMES M. DUNLAP v. TOLEDO, ANN ARBOR & GRAND TRUNK RAILWAY COMPANY.

*Condemnation of lands—Commissioners of appraisal—Certiorari.*

Jurisdiction to appoint commissioners of appraisal in proceedings to condemn land cannot be conferred by notice served only on a person who is in no way connected with the owner of the premises and has only gone on them to receive service by collusion with those interested in the condemnation.

*Certiorari* will lie to review proceedings to condemn land when void for want of jurisdiction; though it should not be favored where any other remedy is adequate.

A writ of *certiorari* in cases involving interference with important works ought not to be allowed unless applied for as soon as practicable; and if granted after the expiration of the twenty days allowed for an appeal in proceedings to condemn land, will not be sustained unless the delay in suing it out is satisfactorily explained.

Certiorari to Oakland Circuit Court.    Submitted January 21.    Decided June 15.

PROCEEDINGS under Act 198 of 1873, art. 2, secs. 18-26, to condemn lands for railway purposes.    Claimant brings certiorari.    Proceedings quashed.

*E. J. Bissell* and *F. A. Baker* for plaintiff in certiorari. Substituted service in condemnation proceedings cannot be authorized where it is not necessary : Cooley Const. Lim. § 404; *Settlemier v. Sullivan* 97 U. S. 444; *Knox v. Miller* 18 Wis. 397; *In re Empire City Bank* 18 N. Y. 216; certiorari·is proper in this case : *Specht v. Detroit* 20 Mich. 168.

*H. C. Waldron, A. C. Baldwin* and *C. & W. N. Draper* for defendant in certiorari.    Certiorari lies only to review erroneous proceedings of inferior tribunals where there is no other available remedy : *Edgar v. Greer* 14 Ia. 211; *Farrell v. Taylor* 12 Mich. 113; if defective service deprived the circuit court of jurisdiction, an appeal would carry up the whole record : 2 Wait's Actions 138; *People v. Board of Health* 33 Barb. 346; *Meeks v. Windon* 10 W. Va. 180; one who can obtain redress by appeal cannot take his remedy by certiorari : 12 Am. Dec. 531, n; *Clary v. Hoagland* 13 Cal. 174; *Baker v. Halstead* Busb. (N. C. L.) 41; *Witkowski v. Skulowski* 46 Ga. 41; *Peacock v. Leonard* 8 Nev. 84, 157, 247; *In re Mount Morris Square* 2 Hill 27; *Storm v. Odell* 2 Wend. 287; *People v. Betts* 55 N. Y. 600; nor can he where his statutory remedy is gone before the Supreme Court is applied to : *Withington v. Southworth* 26 Mich. 381; *The King v. Eaton* 2 D. & E. 89; *Zink v. Langton* Doug. 749; service is good where a copy of the notice is left at the usual place of residence of the party to be served : *Walke v. Bank of Circleville* 15 Ohio 298; *Grant v. Dal-*

*liber* 11 Conn. 234; especially if notice is served on his wife: *Augusta v. Windsor* 19 Me. 317; *Scott v. Coleman* 5 Litt. 349; *Ames v. Winsor* 19 Pick. 247; *Wright v. Oakley* 5 Met. 400; *Morrison v. Underwood* 5 Cush. 52; *Tilden v. Johnson* 6 Cush. 354; *Orcutt v. Ranney* 10 Cush. 183; *Bujac v. Morgan* 3 Yeates (Penn.) 258; *Heatherly v. Hadley* 2 Oreg. 269; *Frean v. Cruikshanks* 3 McCord 84; *Brownfield v. Dyer* 7 Bush 505; *Hughes v. Osborn* 42 Ind. 450; the service was sufficient in this case: *Wheeler v. Wilkins* 19 Mich. 80; *Mechanics Bank v. Snowdon* 2 Paige 298; *Matteson v. Smith* 37 Wis. 333; *Northrup v. Shephard* 23 Wis. 513.

CAMPBELL, J.   In this case, which is a proceeding to condemn lands for a railroad, the original notice was served on a person who was in no way connected with Dunlap, and who had gone on to his premises for the purpose of having service made on him so as to bind Dunlap.   The service was clearly illegal and known to be so by the representatives of the railroad who procured his action, and there was no jurisdiction to appoint commissioners of appraisal.   The proceedings should not have been confirmed.

It is objected that *certiorari* is an improper remedy, and that resort should have been had to an appeal.   While it is true that *certiorari* should not be favored where any other remedy is adequate, yet it will undoubtedly lie for want of jurisdiction.   But in cases involving the interference with important works, the writ ought not to be allowed unless applied for as soon as practicable.   The time for appeal is limited to twenty days, and we shall not feel disposed to sustain a *certiorari* granted after a longer time, unless under circumstances clearly explaining and accounting for the delay.   In the present case it was granted at once and no want of diligence existed.

The proceedings must be quashed as to plaintiff in *certiorari* with costs of this court and of the proceedings below.

The other Justices concurred.