JAMES M. DUNLAP v. THE TOLEDO, ANN ARBOR & GRAND TRUNK RAILWAY COMPANY AND HENRY C. WALDRON.

*Eminent domain—Rights of action—Condemnation of reversionary interests and of intangible rights attaching thereto.*

A common law right of action is property, and as such is within the rules of constitutional protection.

Where land has been injured by a railroad company that has gone upon it under void condemnation proceedings, the owner's right to recover damages is unaffected by his having sold it to a third person, for the depreciation would have been taken into account in fixing the price.

The general railroad law permits a railroad company to begin new proceedings for the condemnation of land where proceedings already taken have failed. *Held,* that where the land is meanwhile occupied by a tenant, the landlord's right of action against the company for injury done to the premises under the void proceedings goes with the land and attaches only to his reversionary interest, and it is condemned and appropriated therewith and disappears when subsequent valid proceedings are taken and compensation made.

Condemnation proceedings usually apply to tangible property, but it is no objection to them that intangible rights are necessarily taken if remuneration is made therefor.

Error to Oakland. (Stickney, J.) April 20.—April 25.

CASE. Defendants bring error. Reversed.

*Wilkinson, Post & Wilkinson* and *Ira P. Grosvenor* for

appellant company.   In case for injury to a reversionary
interest only actual damages are recoverable : Hilliard on
Remedies for Torts, 494.

*E. J. Bissell* and *F. A. Baker* for appellee.   Case for
injuries resulting from an unlawful condemnation of land is
not barred by subsequent regular proceedings for its con-
demnation : *Bloodgood v. M. & H. R. R.* 18 Wend. 19 ;
*Blodgett v. Utica & B. R. R.* 64 Barb. 587 ; *Powers v.*
*Hurmert* 51 Mo. 136 ; *McFadden v. Johnson* 72 Penn. St.
335.

COOLEY, J.   Trespass on the case.   The declaration con-
tains a single count, and a copy is given in the margin.*
The defense was that the acts constituting the supposed

*For that, whereas, before and at the time of the committing of the
grievances by the said defendants, as hereinafter mentioned, a certain
messuage and premises, with the appurtenances, situate in the township
of Lyon, in said county of Oakland, and known and described as the
west half of the east half of the southwest quarter of section twenty (20,)
town one (1) north, range seven (7) east, was in the possession and occu-
pation of a certain person, to-wit, one Erwin T. Brooks, as tenant
thereof, to the said plaintiff, the reversion thereof then and still belong-
ing to the said plaintiff as the owner of the fee, to-wit, at the township
of Lyon, in the said county of Oakland.

Yet the said defendants, well knowing the premises, but contriving
and wrongfully and unjustly intending to injure, prejudice and aggrieve
the said plaintiff in his reversionary estate and interest of and in the said
messuage and premises, with the appurtenances, while the said messuage
and premises were so in possession and occupation of the said tenant, as
such tenant thereof to the said plaintiff, as aforesaid, and while the said
plaintiff was so interested therein as aforesaid, to-wit, on the second day
of December, 1880, and on divers other days and times between that day
and the day of the commencement of this suit, at the township of Lyon,
in the said county of Oakland, wrongfully and unjustly, without the
leave or license of, and against the will of the said plaintiff, entered
upon said premises and tore down and destroyed a portion of the fences
thereon, and dug up and displaced the soil, and cut down and destroyed
a large number of fruit trees and timber trees, to-wit, thirty-five apple
trees and twenty oak trees of great value, to-wit, of the value of two
thousand dollars, then growing and being in and upon said premises,
and constructed and graded a road-bed for a railway on and across said
premises, to-wit, at the township of Lyon, in said county of Oakland.

By means of which said several premises the said plaintiff hath been
and is greatly injured, prejudiced and aggrieved in his reversionary
estate and interest of and in the said messuage and premises, with the
appurtenances so in the possession and occupation of the said Erwin T.
Brooks, as tenant thereof to the said plaintiff, as aforesaid, to-wit, at the
township of Lyon, in said county of Oakland.

To the damage of the plaintiff of ten thousand dollars, and therefore
he brings suit, etc.

grievance were done by the railroad company and its servants in the condemnation and appropriation of the land for its corporate purposes.

On the trial of the case the following facts were developed: The railroad company instituted proceedings in November, 1880, to condemn the premises in question for railroad purposes under the general railroad law of the State. Commissioners were appointed by the circuit court, who proceeded to view the land and take testimony, and thereupon made their report to the court, awarding the plaintiff three hundred dollars damages. The report was confirmed by the court, and the company deposited the sum awarded in a bank at Pontiac, subject to the plaintiff's order, and notified him thereof. The company also paid the costs of the proceedings and immediately took possession of the land, cut down trees, removed fences, graded their road-bed, and laid their track. Plaintiff removed the proceedings into the Supreme Court by certiorari, and they were there quashed for the reason that the service of notice whereby they were begun was unwarranted and void. See 46 Mich. 190. The judgment was entered June 15, 1881. The present suit was instituted while the proceedings upon certiorari were pending in the Supreme Court.

When decision was rendered upon the certiorari, the railroad company immediately instituted new proceedings in condemnation, the petition for that purpose being filed July 14, 1881. The petition was filed under § 26 of Article II of the General Railroad Act of 1873, which provides that " at any time after an attempt to acquire title by any railroad company by an appraisal of damages or otherwise, if it shall be found that the title thereby attempted to be acquired is defective, the company may proceed anew to acquire or perfect the same in the same manner as if no appraisal had been made, and at any stage of such new proceedings the court may authorize the corporation, if in possession, to continue in possession, and if not in possession, to take possession of and use such real estate or other property during the pendency and until the final conclusion of such new

proceedings; and may stay all actions or proceedings against any company, or any officer or workman of such company, on account thereof, on such company paying into court a sufficient sum or giving security, as the court may direct, to pay the compensation therefor when finally ascertained; and in every such cause the party interested in such real estate or other property may conduct the proceedings to a conclusion if the company delays or omits to prosecute the same : provided, any railroad company which have heretofore entered upon, taken, occupied, and used any lands within this State for the purpose of their road, shall have the same right to acquire title to, or right of way over, said lands so taken by them, as if they had proceeded to acquire said title or right of way before having entered upon the same." 1 Sess. L. 1873, p. 519.

The proceedings upon this petition went on to a completion, and resulted in an award to the plaintiff of the sum of three hundred and fifty dollars, with interest from the time the railroad company took possession. The proceedings were confirmed by the circuit court, and the money deposited to the plaintiff's order as the court directed. The plaintiff removed the order of confirmation into this Court, where it was affirmed. See 47 Mich. 456. During all the time from the first attempted appropriation the railroad company has been and still is in possession of the land.

After the second proceedings in condemnation had been affirmed in this Court, the plaintiff brought the present suit to trial, and recovered a larger sum as damages than the amount which had been awarded to him in the condemnation proceedings. The theory of the recovery, and upon which the circuit judge submitted the case to the jury, was that the plaintiff, by the original wrong in taking possession of his land under the pretense of void proceedings, had acquired a right of action for substantial damages; that this right was a property right which was unaffected by the subsequent proceedings to condemn the land; and that, never having relinquished or abandoned it, he was entitled to proceed in the suit for its satisfaction. *Bloodgood v. Rail-*

*road Co.* 18 Wend. 9; *Blodgett v. Railroad Co.* 64 Barb. 580; *Powers v. Hurmert* 51 Mo. 136.

There is no doubt that a right in action, where it comes into existence under common-law principles, and is not given by statute as a mere penalty or without equitable basis, is as much property as any tangible possession, and as much within the rules of constitutional protection. *Johnson v. Jones* 44 Ill. 142; *Hubbard v. Brainard* 35 Conn. 563; *Griffin v. Wilcox* 21 Ind. 370. And there seems to be no ground for disputing that the plaintiff had such a right of action here. The railroad company had taken possession of his land, cut down his trees, and removed the soil under pretense of a judgment which proved to be utterly void, and which could, therefore, constitute no protection whatever. And but for the subsequent legal proceedings, which appear to have resulted in a regular condemnation, the right of the plaintiff to recover would have been indisputable.

But an inspection of the declaration will disclose the fact that the plaintiff does not and could not complain of a disturbance of possessory rights, for he had no possession to be disturbed by the tortious acts. The trespass was upon the rights, not of the plaintiff, but of his tenant. What the plaintiff complains of is an injury to his reversionary interest. From the very nature of the injury the damages must necessarily connect themselves with the land, for they are continuous, and extend indefinitely into the future. Had the plaintiff sold the land to a third person, his right to recover from the railroad company would have remained unaffected, for the injury was already inflicted, and the injurious consequences which had resulted or were likely to result would be taken into account in determining the price. *McFadden v. Johnson* 72 Penn. St. 335 But in this case the railroad itself proceeds to condemn the reversion to its own use, and in doing so takes and pays for the plaintiff's interest according to its value before the wrongful acts were committed. The new and regular proceedings are a substitute for the first and wrongful proceedings; and so far as

the wrongful acts worked an injury to the land, the conse-
quences are by the new proceedings appropriated to and
taken and borne by the company itself. The plaintiff
ceases to have any reversion to which continuous injury
can attach, and his previous right of action, so far as it
looked to the future and was continuous, has ceased to exist,
for the reason that by the necessary effect of the condemna-
tion proceedings it has been estimated and taken into
account, and the plaintiff, by the payment made, has been
satisfied for it. It is true, as is urged on behalf of the
plaintiff, that this is taking from him a property right
against his will; but it is not taking it without compensa-
tion. Condemnation proceedings usually, but not always,
apply to tangible property; it is never any objection to
them that intangible rights are necessarily taken, provided
remuneration is lawfully assessed and paid.

The judgment must be reversed with costs, and a new
trial awarded.

The other Justices concurred.