SARAH SILLER *vs.* HARRY A. SILLER ET AL.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 16th—decided October 3d, 1930.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellees (defendants).

*George E. Beers,* argued the cause as *amicus curiae.*

WHEELER, C. J. The plaintiff offered evidence to prove these facts: On September 2d, 1928, the defend-

ant Eva Siller while operating as a family car an automobile belonging to her husband, the defendant Harry Siller, invited the plaintiff to ride with her. The plaintiff at first refused and then, upon the insistence of Mrs. Siller that she accompany her upon the ride and take care of the infant child of the defendants, agreed to do so and occupied on the drive the rear seat with the child. Mrs. Siller left the automobile to make certain purchases. Upon returning she entered the car not completely closing the right front door of the automobile, again while the automobile was in motion she attempted but failed to close this door, and while the automobile was still in motion Mrs. Siller took her hand off the steering wheel, turned her head, leaned over and attempted to close this door for the third time. In so doing she lost control of the automobile which ran into a fence bordering the highway with considerable force. As a result the plaintiff was thrown "in and about in" the automobile and sustained injuries of a serious and permanent character and for the recovery of damages for these injuries she brings this action. The pleadings were closed on February 8th, 1929.

Prior to the presentation of the evidence the plaintiff introduced a certified copy of Chapter 308 of the Public Acts of 1927, together with evidence that the Governor had not approved of this Act until June 8th, 1927, and that the legislature adjourned on May 6th, 1927. Of these facts the court took judicial notice. It did not appear on what date this bill was presented to the Governor for his approval. The plaintiff, through her counsel, claimed that since the accident occurred on September 2d, 1928, she was only obliged to prove the elements of a common-law action for negligence and not the cause of action defined in Chapter 308 of the Public Acts of 1927, denominated the guest act, as

"caused by his heedless and his reckless disregard of the rights of others," as construed in *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136. The plaintiff also claimed that this Act was unconstitutional because signed by the Governor more than three days, excluding Sundays, after the legislature had adjourned. She further claimed that the validating acts passed by the General Assembly at its special session in August, 1929, were invalid in so far as they attempted to affect the rights of passengers in automobiles prior to the passage of such Acts. On defendants' motion for a directed verdict, plaintiff's counsel claimed that while it was unnecessary for her to prove more than negligence she had sufficiently proved the cause of action defined in Chapter 308.

Prior to the argument to the jury the court stated that it would charge the jury upon the assumption that the only cause of action before the jury was that based upon Chapter 308 and the court did so charge. The cause of action based upon negligence was thus excluded from the consideration of the jury. The charge and the record fail to state upon what ground the court reached its conclusion.

As far as concerned the action under the guest act, that Act was void because within the ruling in *State* v. *McCook,* 109 Conn. 621, 147 Atl. 127, unless it had been validated by the validating acts passed at the special session of the General Assembly on August 6th, 1929. The ruling in *Preveslin* v. *Derby & Ansonia Developing Co., ante,* p. 129, 151 Atl. 518, controls the decision of this case. The validating acts were ineffective as applied to that case and they are equally so in this case for the reasons given in the *Preveslin* case.

No retrospective action based upon the guest act of

1927 could prevail after the decision of the *McCook* case. The right of action under the guest act, if valid, superseded the action based upon our common-law rule as declared in *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 118 Atl. 518, that the owner of an automobile is bound to exercise ordinary or reasonable care in the operation of a motor vehicle toward a guest invited by him to ride in his vehicle and if he fails in this duty he is liable in damages to the guest injured in consequence of his negligence. The common-law right of action for negligence was never suspended by the guest statute, whose constitutionality the plaintiff might have attacked at any time, and, after the decision in the *McCook* case, with the knowledge that in an analogous situation it had been determined that another Act was invalid because not signed by the Governor within the period prescribed by the Constitution.

There is no impairment of a contract right present in this case as in the *Preveslin* case, otherwise the discussion in that case is equally applicable to this. One of the defendants' chief contentions is that there is no impairment in this case of a vested right since none can arise in an action for damages for personal injuries growing out of a tort until judgment. The point was not considered in the *Preveslin* case and merits present treatment.

The authorities appear to be divided on this proposition. On principle we see no difference between the action against the owner of an automobile for negligently damaging his car and the action for injury to his person caused at the same time. Identically the same principles of our common law and the same procedure determine the one action as the other. "Property," it is said in the American Law Institute, Restatement, Property, Tentative Draft No. 1, page 11,

"consists essentially of legal relations" which exist only between persons. The legal relation between a plaintiff and a defendant is identical in each action of negligence whether for injury to property or person, and each action, if pressed to a successful conclusion, will result in a pecuniary award for the damage done by the invasion of either of the interests of the plaintiff.

In *Dunlop* v. *Toledo, A. A. & G. T. Ry. Co.,* 50 Mich. 470, 474, 15 N. W. 555, Judge Cooley writes: "There is no doubt that a right in action, where it comes into existence under common-law principles, and is not given by statute as a mere penalty or without equitable basis, is as much property as any tangible possession, and as much within the rules of constitutional protection." In support of this proposition Judge Cooley cites *Hubbard* v. *Brainard,* 35 Conn. 563, which, at page 576, says: "And in the third place, if, as we assume, the money so taken by the defendant illegally from the plaintiff, was the money of the plaintiff in the hands of the defendant, which by the principles of the common law he had a *vested right* to recover, it was not competent for Congress by subsequent legislation to exclude the plaintiff from his right to apply to the Superior Court of this State (of which the parties were both citizens), for its recovery, or limit the time within which he should bring such action."

In *Womach* v. *St. Joseph,* 201 Mo. 467, 100 S. W. 443, the court, at page 482, defines a right to damages for a tort in these words: "Now, property, in one sense, may mean a chose in action. A chose in action, in one sense, may be any right to damages, whether arising from the commission of a tort, the omission of a duty, or the breach of a contract." In his Constitutional Limitations (8th Ed.) Vol. 2, page 749, Judge Cooley states that a right to be considered a vested right,

"must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

Section 6030 of our General Statutes provides that the action for personal injury survives to the executor or administrator.

To hold that a right of action for a personal injury was not a property interest in a jurisdiction where over one third of the actions in our highest trial court in our most thickly settled counties are personal injury actions would judicially deny one of the accepted facts in modern social conditions. We think the right of action of this plaintiff was a property interest whose invasion by the legislature would impair the plaintiff's vested interest

Aside from this, there is behind this right of action a support, not dependent upon principles of the common law, which effectually prevents this validating act from destroying, or affecting to its injury, the plaintiff's right of action. Section 12 of Article First of our Constitution provides: "All courts shall be open, and every person, for an injury done him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." The common-law right of action for negligence after the adoption of our Constitution could not be taken away by retrospective legislative action for that would set the validating act above the explicit provision of the Constitution which guarantees a remedy, by due course of law, for the hearing and disposition of every right of action whether it be for injury to one's person or his property. The complaint does set forth a common-law action for negligence. The trial court was in

error in construing the action as one under the guest act.

There is error and a new trial is ordered.

In this opinion the other judges concurred.