ELSIE POZNIAK *vs.* MARTIN EVTUSHEK.

First Judicial District, Hartford, May Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 8th—decided October 3d, 1930.

*William M. Harney,* for the appellant (plaintiff).

*William S. Locke,* with whom was *Ralph O. Wells,* for the appellee (defendant).

PER CURIAM. The plaintiff was riding as a gratuitous guest in an automobile owned and driven by defendant in a long line of traffic and at the speed other automobiles in this line had been proceeding for a long

period prior to the accident. As the line of traffic approached a main intersecting highway, and while defendant's automobile was about one hundred and fifty feet therefrom, the line came to a stop because of a signal from a traffic officer. The car immediately preceding defendant came to a stop as did other cars ahead of it. The defendant attempted to stop his car but finding it liable to run into the car immediately ahead he turned sharply to the left, crossed the road, collided with a telephone pole and upset, causing injury to plaintiff.

The court reached the conclusion that the defendant was not guilty of heedless and reckless disregard of the rights of others within the meaning of Chapter 308 of Public Acts of 1927, but that the injury to plaintiff was proximately caused by defendant's negligence to which plaintiff did not materially contribute.

The plaintiff claimed upon the trial that Chapter 308 was not a valid law at the date of this accident on August 5th, 1928. All of the questions of law raised in this case have been determined adversely to defendant in the cases of *State* v. *McCook,* 109 Conn. 621, 147 Atl. 127; *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 151 Atl. 518, and *Siller* v. *Siller,* 112 Conn. 145, 151 Atl. 524.

Under these authorities the plaintiff upon her complaint was entitled to recover damages upon the cause of action of negligence as set up in her complaint and found proven by the court.

There is error, the judgment is set aside and the Superior Court directed to enter its judgment for the plaintiff after hearing had for the assessment of damages only.