THERESA LEONE, as Administratrix, etc., of VINCENT LEONE, Deceased, Plaintiff, *v.* ANTHONY TRICARIO, Defendant.

Supreme Court, Westchester County, October 10, 1930.

*Warren & Scott,* for the plaintiff.

*Thomas A. Saulsbury,* for the defendant.

MORSCHAUSER, J. This is a motion to strike from the defendant's amended verified answer to the amended complaint herein the

first and second defenses set forth in said answer, on the ground that said defenses are irrelevant and tend to prejudice, embarrass and delay the fair trial of the action.

The defendant applies for an order, under section 277 of the Civil Practice Act, to dismiss the plaintiff's cause of action for failure to state facts sufficient to constitute a cause of action.

On the 3d day of August, 1929, Vincent Leone, a resident of the State of New York, was a guest passenger of the defendant who was operating his automobile on the Farmington-Hartford highway, in the city of Hartford, State of Connecticut. An accident occurred and Leone was killed through the alleged negligence of the defendant who was operating the automobile at the time. The widow of Leone was duly appointed administratrix and, as administratrix, brings this action against the defendant alleging various negligent acts of the defendant which caused the death of her husband. The defendant is a resident of the State of New York; his automobile was registered in the office of the Secretary of the State of New York as 6Y 35–59 N. Y. 1929.

Sections 6137 and 6177 of the General Statutes of Connecticut are of similar import to the New York statute (Dec. Est. Law, §§ 130–134). Under said General Statutes of Connecticut, an action may be maintained wherein negligence is the cause of death, but the amount of recovery is limited to $10,000.

The complaint alleges two causes of action. The answer sets up as a defense the statute hereinafter set forth. The question for determination is whether the " Guest Statute " of the State of Connecticut, adopted in 1927, chapter 308 of the Public Acts of 1927, entitled "An Act releasing owners of motor vehicles from responsibility for injury to passengers therein," is retroactive. The statute provides as follows:

" Section 1. No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against said owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.

" Section 2. This act shall not relieve a public carrier, or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser of responsibility for any injuries sustained by a passenger being transported by such public carrier, or by such owner or operator."

, The General Assembly of the State of Connecticut adjourned

May 6, 1927. The Governor signed the act June 8, 1927. It is provided by the Constitution of said State (Art. 4, § 12) that all acts are void unless signed by the Governor within three days after the final adjournment of the General Assembly. In the Supreme Court of the State of Connecticut, in the case of *State* v. *McCook* (109 Conn. 621–649, decided July 25, 1929), it was held that all acts signed after the three-day period, whether public or private, are void.

In order to overcome the effect of this decision, the Connecticut General Assembly met on the 6th day of August, 1929, and, on that date, in order to correct some of the abuses pointed out by the decision in said case, passed a series of acts purporting to validate all such statutes which had been declared invalid by the *McCook* decision by reason of the fact that they were not signed by the Governor within three days after the adjournment of the General Assembly.

In *Montgomery* v. *Town of Branford* ([1928] 107 Conn. 697, 707) the court said: "A statute will not be permitted to act retrospectively so as to validate what was before void because in conflict with State or Federal constitution."

In *Norton* v. *Shelby County* (118 U. S. 425, 442) the court said: "An unconstitutional act is not law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

*Siller* v. *Siller* ([Conn.] 151 Atl. 524) is directly in point. A summary of the questions passed upon and decided is as follows:

1. An automobile guest injured in an automobile accident on the 2d day of September, 1928, was entitled to, at any time thereafter, maintain an action against the owner for common-law negligence.

2. There was not in effect in the State of Connecticut on the 2d day of September, 1928, or at any time prior to August 6, 1929, a valid automobile guest statute depriving a guest of a cause of action for personal injuries against an automobile owner for ordinary negligence.

3. Chapter 308 of the Public Acts of 1927, entitled "An Act releasing owners of motor vehicles from responsibility for injury to passengers therein," except where caused by the heedless and reckless disregard of the rights of others, was void, because it was not signed by the Governor until June 8, 1927, which was more than three days after the final adjournment of the General Assembly on May 6, 1927.

4. The validating acts passed by the General Assembly at its special session on August 6, 1929, were invalid in so far as they

attempted to affect the rights of passengers injured in automobiles prior to August 6, 1929.

5. The right of action under the " Guest Statute " would supersede the action based upon common-law negligence only if the Guest Acts were valid.

6. The act commonly known as the " Guest Statute," adopted on June 8, 1927, was invalid because it was not signed by the Governor within the period prescribed by the Constitution.

7. The common-law right of action for negligence was not superseded by the " Guest Statute " until August 6, 1929, at which date it was for the first time validly enacted.

8. A right of action for personal injuries is a property right.

9. On September 2, 1928, the plaintiff was injured as a result of the negligence of the defendant and thereupon a property right vested in her.

10. Any act retrospective in its provisions adopted subsequent to September 2, 1928, depriving plaintiff of a cause of action for personal injuries for common-law negligence, would be an impairment and invasion of her vested interests.

11. The plaintiff was entitled to recover damages ror personal injuries on proof of common-law negligence. Construing the cause of action which occurred on September 2, 1928, as one under the " Guest Act " was error.

Applying the decision in the above case to the facts in the case at bar, we find that the death in the present case occurred on August 3, 1929, which was three days before the enactment and adoption of the validating acts; that on the 3d day of August, 1929, by reason of the death, there accrued to the plaintiff in this action a vested property right, of which she cannot be deprived, except by due process of law, and certainly not by any legislative body enacting a law retroactive in its terms. Plaintiff is entitled to a recovery on proof of common-law negligence, and, therefore, the defendant's motion to dismiss this cause of action alleged in the complaint should be denied, and likewise the defense interposed by the defendant setting up the validity of the " Guest Statute " as a defense should be stricken out. (See, also, *Preveslin* v. *Derby & Ansonia Dev. Co.*, [Conn.] 151 Atl. 518.)

Motion for plaintiff granted, with ten dollars costs.
Motion for defendant denied, with ten dollars costs.