LORETTA MASSA *v.* LOUIS NASTRI ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 9, 1938—decided January 5, 1939.

*Abraham S. Ullman,* with whom was *Edward W. Cohen,* for the appellant (plaintiff).

*William L. Hadden,* with whom was *Clarence A. Hadden,* and, on the brief, *Daniel Pouzzner,* for the appellees (defendants).

HINMAN, J. The complaint alleged in the first count that the plaintiff was a gratuitous guest in a car owned by the named defendant and operated by the other defendant, Massa, who was her husband, and was injured, July 18, 1936, through the negligence of the latter. A second count alleged reckless and heedless operation but was later withdrawn and plays no part in the present appeal. At the date of injury, § 1628 of the General Statutes was in effect and provided that no person transported in a motor vehicle as a guest without payment therefor "shall have a cause of action for damages against [the] owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The General Assembly at its 1937 session passed an act (Public Acts, Chap. 270, 1937 Sup., § 351d) providing that "Section 1628 is repealed" which became effective July 1, 1937. This action was brought thereafter, by writ dated July 9, 1937. The defendants demurred to the first count on the ground that it alleges that the accident was caused by negligence of the operator and not that it was caused by his heedlessness or reckless disregard of the rights of others. The sustaining of the demurrers is assigned as error, the issue being whether, because of the repeal of the guest statute, the plaintiff may now recover for ordinary negligence, or, as the plaintiff also states it, "whether or not the defendants may claim immunity to liability for common-law negligence after the statute creating that immunity has been repealed." The outcome depends upon the construction and effect to be accorded the act of repeal.

The general rule is that laws are to be interpreted as operating prospectively and considered as furnishing a

rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. *Smith* v. *Lyon*, 44 Conn. 175, 178. "The presumption is that statutes affecting substantive rights are intended to operate prospectively, and § 6572 of the General Statutes provides that 'no provision of the general statutes, not previously contained in the statutes of this state, which shall impose any new obligation upon any person or corporation, shall be construed to have a retrospective effect.'" *Toletti* v. *Bidizcki*, 118 Conn. 531, 536, 173 Atl. 223. Whether or not the rule against retrospective construction applies fully to acts repealing prior statutes, without a saving clause or other clear expression of intention, such repeal does not operate to impair rights that have been vested while the statute was in force. 1 Lewis' Sutherland, Statutory Construction (2d Ed.), pp. 544, 546; 59 C. J., pp. 1185, 1187. A right of action, including one for personal injuries, is a vested property interest, before as well as after judgment, at least "where it comes into existence under common-law principles, and is not given by statute as a mere penalty or without equitable basis." *Siller* v. *Siller*, 112 Conn. 145, 150, 151 Atl. 524, quoting Judge Cooley in *Dunlop* v. *Toledo, A. A. & G. T. Ry. Co.*, 50 Mich. 470, 474, 15 N. W. 555. See also, *Hubbard* v. *Brainard*, 35 Conn. 563, 576. Vested rights include title, legal or equitable, "to the present or future enforcement of a demand, or a legal exemption from a demand made by another," although it must be "something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws." 2 Cooley, Constitutional Limitations (8th Ed.) 749. The rule that repeal does not operate to affect vested rights is applicable not only to those acquired under contracts (*First Ecclesiastical Society of Suffield* v. *Loomis*, 42

Conn. 570, 574) but also to vested rights of action to recover damages for torts. 59 C. J. 1187.

A statute will not be given a retroactive construction by which it will impose liabilities not existing prior to its passage. "Laws which create new obligations . . . because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect unless the contrary clearly appears." *Pignaz* v. *Burnett,* 119 Cal. 157, 160, 51 Pac. 48; *Estate of Parker,* 200 Cal. 132, 142, 251 Pac. 907; 59 C. J. 1172. The rule that laws are not to be construed as applying to cases which arise before their passage is applicable when to disregard it would impose an unexpected liability that if known might have caused those concerned to avoid it. *People ex rel. Griffith, Inc.* v. *Loughman,* 249 N. Y. 369, 379, 164 N. E. 253; *Lewellyn* v. *Frick,* 268 U. S. 238, 252, 45 Sup. Ct. 487. To accord to the repeal of § 1628 of the General Statutes the effect of relegating the present parties to the common-law rule as it obtained before the passage of that statute and after its repeal would impose upon the defendants a liability to the plaintiff guest to which they were not subject at the time of the occurrence upon which the action is based, in that they would be liable for the consequences of ordinary negligence instead of only for heedlessness or reckless disregard of the rights of others, and would deprive them of an exemption, in that sense and to that extent, from liability. A legal exemption from or limitation upon liability stands on quite as high ground as a right of action. If the law at the time the right of action accrued is such that a plaintiff may claim it as a vested right, equally a defendant has an equivalent vested right to an exemption. If the effect of a construction contended for "would be to impose a liability for a past occurrence

where none existed at the time, or, what is the same thing, take away a legal defense available at the time, it is to be avoided." *Lewis* v. *Pennsylvania R. Co.*, 220 Pa. St. 317, 324, 69 Atl. 821. There is general agreement that, as held in *Siller* v. *Siller,* supra, a common-law cause of action is a vested right within the rule against retrospective operation. It is generally recognized, also, that there is no such right in an unenforced penalty imposed by statute. *Atwood* v. *Buckingham,* 78 Conn. 423, 427, 62 Atl. 616; 59 C. J. 1191.

The considerable judicial discord evinced by the cases relates to rights, other than to penalties or forfeitures, predicated upon statutes subsequently amended or repealed. We have examined numerous cases bearing upon this subject, many of which are referred to and commented upon in *Hazzard* v. *Alexander,* 36 Del. 212, 173 Atl. 517. Upon analysis, most of them are found to differ materially from the present case in either statutory or factual situation, or both. The extent to which any appear to go is to hold, as in *Hazzard* v. *Alexander,* supra, that a right of action in tort, not existing at common law but depending wholly upon statutory authority and not reduced to judgment before repeal of the statute upon which it rests, or a right to utilize a defense similarly dependent upon statute, is lost by and upon repeal without a saving clause. In our opinion, the rights here involved are not purely statutory. Prior to the adoption of § 1628 of the General Statutes the rule of duty to a guest riding gratuitously in a motor vehicle as well as to other persons was the common-law rule calling for the exercise of ordinary or reasonable care in operation. *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 118 Atl. 518. We do not regard the characterization, obiter, in *Siller* v. *Siller,* supra, p. 149, of § 1628 as "superseding" the common-law rule as meaning that the statute

created a new right; it was, rather, a limitation of the pre-existing right, so far as it applied to a guest, to conduct amounting to heedlessness or reckless disregard of the rights of others, instead of ordinary negligence. The statute did not, as in the case of a purely statutory right, provide that a guest shall have a cause of action for the specified misconduct, but was in the negative—that he shall not have a cause of action unless the prescribed conditions are fulfilled. His right, while that statute was in effect, was grounded on the common-law liability as so restricted and not entirely upon the statute. When a right of action exists independent of statute, and a statute is enacted prescribing a condition constituting an additional element, repeal of the statute after right of action accrued will not affect its application. Black, Interpretation of Laws (2d Ed.), p. 423; *James* v. *Oakland Traction Co.,* 10 Cal. App. 785, 793, 103 Pac. 1082. The like may be said appropriately of a statute limiting a common-law right. Therefore the demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.