This is an action to recover damages for personal injuries resulting from eating a hamburger sandwich procured at the restaurant of the defendants on August 1, 1951. The first count is in negligence. A second count, added by amendment, is based upon an alleged warranty of wholesomeness and fitness "as is provided by statute." The defendants have demurred to the second count on the ground that "at the time of the occurrence alleged there was no statute which gave rights to a warranty on the sale of food from a restaurant to a consumer as alleged by the Plaintiff." The statute involved is § 1220b of the Cumulative Supplement of 1951, which became effective October 1, 1951. General Statutes § 8891.
On the date of the alleged occurrence, that is August 1, 1951, no cause of action for a breach of an implied warranty existed in favor of the plaintiff under the facts alleged in the second count of the complaint. Merrill v. Hodson, 88 Conn. 314; Lynch
v. Hotel Bond Co., 117 Conn. 128; Albrecht v. Rubinstein,135 Conn. 243. The general rule is that laws are to be interpreted as operating prospectively and considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. Smith v. Lyon,44 Conn. 175, 178; Massa v. Nastri, 125 Conn. 144,146.
The presumption is that statutes affecting substantive rights are intended to operate prospectively, and § 8896 of the General Statutes provides that "No provision of the general statutes, not previously contained in the statutes of the state, which *Page 163 
shall impose any new obligation on any person or corporation, shall be construed to have a retrospective effect." Massa v. Nastri, supra, 147.
The plaintiff would have no right of action under § 1220b unless it is construed to operate retroactively. Section 1220b imposes an obligation under the circumstances therein stated not existing prior to its passage. See also 26 Conn. B.J. 93, 94. To make this statute retroactive would be to impose upon the defendants a liability to the plaintiff for a cause of action on an implied warranty to which defendants were not subject at the time of the occurrence upon which the action is based. A statute will not be given a retroactive construction by which it will impose liabilities not existing prior to its passage. General Statutes, § 8896; Massa v. Nastri,
supra, 148.
The conclusion of the court is that § 1220b is not retroactive in its operation.
 Accordingly, the demurrer of the defendants to the second count of the complaint is sustained.