LUCILLE BENTON AND THOMAS R. BENTON, PLAINTIFFS-APPELLANTS, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF WESTFIELD, NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 18, 1958—Decided April 28, 1958.

68

*Mr. Stanley W. Greenfield* argued the cause for the appellants (*Mr. Sanford Halberstadter,* on the brief).

*Mr. Harvey G. Stevenson* argued the cause for the respondent (*Messrs. Stevenson & Willette,* attorneys).

The opinion of the court was delivered by

JACOBS, J. ▮▮ At the close of the plaintiffs' case the trial judge dismissed the action because he believed (1) that the evidence established as a matter of law that the injured plaintiff had assumed the risk of injury resulting from the defendant's negligence, and (2) that in any event the defendant's status as a charitable institution vested it with an immunity from tort responsibility to the plaintiffs. The Appellate Division disagreed with the trial judge's view that the risk of injury had been assumed; nevertheless it affirmed the dismissal of the action because of the immunity which it criticized but considered itself bound to apply. See 47 *N. J. Super.* 372 (*App. Div.* 1957). We granted certification under *R. R.* 1:10–2 and for the reasons expressed in *Collopy v. Newark Eye and Ear Infirmary,* 27 *N. J.* 29 (1958) and *Dalton v. St. Luke's Catholic Church,* 27 *N. J.* 22 (1958), we now reject the immunity asserted by the defendant. There remains for consideration its contention that the evidence produced on the plaintiffs' case established that the injured plaintiff had not acted as a reasonably prudent person would have acted under the circumstances and that consequently the injured plaintiff, and her husband who sues *per quod,* are barred by contributory negligence or assumption of risk, terms which, at least here, may be used interchangeably. See *White v. Ellison Realty Corp.,* 5 *N. J.* 228, 235 (1950); *Hartman v. City of Brigantine,* 23 *N. J.* 530, 537 (1957); *Pona v. Boulevard Arena,* 35 *N. J. Super.* 148, 153 (*App. Div.* 1955), certification denied 19 *N. J.* 326 (1955); *Klinsky v. Hanson Van Winkle Munning Co.,* 38 *N. J. Super.* 439, 443 (*App. Div.* 1955), certification denied 20 *N. J.* 534 (1956). The defendant has not questioned the legal sufficiency of the plaintiffs'

showing that it was negligent nor has it disputed the applicability of the general rule under which the plaintiffs are at this time entitled to the benefit of all of the favorable inferences which may reasonably be drawn from the testimony which they presented. See *O'Donnell v. Asplundh Tree Expert Co.*, 13 *N. J.* 319, 328 (1953); *Dobrow v. Hertz*, 125 *N. J. L.* 347, 348 (*E. & A.* 1940).

The plaintiff Lucille Benton was a member of the Westfield YWCA which had made arrangements for use of the swimming facilities of the defendant YMCA. On Thursday, August 12, 1954 she went swimming at the YMCA pool as she had on many previous occasions. She donned her swimming suit, took the required shower in the ladies' shower room, and then proceeded along the only route which was available to her to and from the pool. She descended a flight of steps, walked through a passageway or tunnel, ascended another flight of steps, and passed through a doorway which led to the pool. She took her swim and then started on the return trip to the shower room. As she was about to descend the flight of stairs she grasped the handrail on the left and when she took her first step the stair pad slipped from under her and she fell down the stairs. There was testimony that the drains in the shower room were clogged, that the steps were wet and slippery, that some of the stair pads were warped by dampness and others were half or completely off, and that the injured plaintiff did not know that the stair pad was loose until she stepped on it and felt it slipping. There apparently had been repeated complaints about the faulty condition of the stairway but no corrective action had been taken.

It may be assumed that the defendant was under the duty of exercising reasonable care to maintain the premises in reasonably fit condition for its pool users (see *Phillips v. Library Co.*, 55 *N. J. L.* 307, 312 (*E. & A.* 1893); *Brody v. Albert Lifson & Sons*, 17 *N. J.* 383, 389 (1955); *Dalton v. St. Luke's Catholic Church, supra; Doherty v. Trenton Trust Co.*, 42 *N. J. Super.* 398, 402 (*App. Div.* 1956)), and that the injured plaintiff, while on

the premises as a pool user, was under a correlative duty to use reasonable care for her own protection. See *Bianchi v. South Park Presbyterian Church,* 123 *N. J. L.* 325, 334 (*E. & A.* 1939); *Rado v. Zlotnick,* 7 *N. J. Super.* 197, 199 (*App. Div.* 1950), certification denied 5 *N. J.* 346 (1950). If the reasonably prudent person would not have used the stairway under the circumstances presented or if the injured plaintiff did not exercise reasonable care in her use of the stairway, then she is barred from recovery by contributory negligence or assumption of risk. But as our courts have often stated, these generally present factual issues for jury finding rather than legal issues for court determination. See *Battaglia v. Norton,* 16 *N. J.* 171, 179 (1954); *Pona v. Boulevard Arena, supra,* 35 *N. J. Super* at *page* 154. In the *Battaglia* case Justice Heher pointed out that contributory fault is an affirmative defense which is ordinarily left to the fact-finding tribunal; that only in the clearest case does the question become one of law for decisive action by the court; and that care must be taken "that the reasonable man be not endowed with attributes which properly belong to a person of exceptional perspicuity and foresight." See *Pangborn v. Central Railroad Co. of N. J.,* 18 *N. J.* 84, 93 (1955); *Rapp v. Public Service Coordinated Transport, etc.,* 9 *N. J.* 11, 18 (1952); *Bacak v. Hogya,* 4 *N. J.* 417, 426 (1950).

We agree entirely with the Appellate Division's holding that the injured plaintiff's conduct in the instant matter did not of itself preclude submission to the jury of the issue which turned on her alleged contributory fault. It must be borne in mind that she used the only route which was available to and from the pool, that others who preceded her had used it without incident, that she grasped the handrail as she started down the steps, and that she did not know that the stair pad was loose until she felt it slipping. While a jury might so find as a matter of fact, we have no fair basis for determining as a matter of law that the reasonably prudent person would necessarily have taken greater precautions in using the stairway or would not

have used it at all. See *Shipp v. Thirty-Second St. Corp.*, 130 *N. J. L.* 518, 523 (*E. & A.* 1943); *Halpern v. Barbara Holding Corporation*, 5 *N. J. Super.* 87, 90 (*App. Div.* 1949); *Pona v. Boulevard Arena, supra,* 35 *N. J. Super.* at *page* 156; *Doherly v. Trenton Trust Co., supra,* 42 *N. J. Super.* at *page* 403.

Reversed, with direction for a new trial.

HEHER, J. (dissenting). I would affirm the judgment for the reasons given in my dissenting opinion in *Collopy v. Newark Eye and Ear Infirmary,* 27 *N. J.* 29.

BURLING, J. (dissenting). I dissent from the majority position for the reasons set forth in my dissenting opinion in the recent case of *Collopy v. Newark Eye and Ear Infirmary,* 27 *N. J.* 29. Accordingly, I vote to affirm the judgment from which the appeal is taken.

*For reversal*—Chief Justice WEINTRAUB, and Justices WACHENFELD, JACOBS, FRANCIS and PROCTOR—5.

*For affirmance*—Justices HEHER and BURLING—2.