ROGER LA PARRE, PLAINTIFF-RESPONDENT, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE ORANGES, DEFENDANT-APPELLANT.

Argued June 2, 1959—Decided June 17, 1959.

Mr. *H. Curtis Meanor* argued the cause for the appellant (*Messrs. Emory, Langan, Lamb & Blake,* attorneys; *Mr. Arthur J. Blake,* counsel).

Mr. *Wilbur J. Bernard* argued the cause for the respondent (*Mr. Edward G. Gerardo,* attorney).

PER CURIAM. On May 25, 1956 the plaintiff allegedly injured himself when he fell down a flight of stairs at the Orange Y. M. C. A. where he resided. On May 23, 1958 he filed his complaint for damages in the Essex County Court, charging that his injuries had been caused by the negligence of the defendant Y. M. C. A. The defendant moved for summary judgment on the ground that the plaintiff's action had been barred by *L.* 1958, *c.* 131 (*R. S.* 16:1–48 *et seq.*), which was approved by the Governor on July 22, 1958. Judge Guiliano denied the motion because the statute was not retroactive and could not be invoked to bar the plaintiff's cause of action which had fully accrued prior to its passage. See *Turer v. Ahavas Achem Anshe, Belleville,* 53 *N. J. Super.* 175 (*Law Div.* 1958); *Terracciona v. Magee,* 53 *N. J. Super.* 557 (*Law Div.* 1959). The Appellate Division granted leave to appeal from the denial of summary judgment, and thereafter we certified the matter on our own motion.

In *Collopy v. Newark Eye and Ear Infirmary,* 27 *N. J.* 29 (1958); *Benton v. Y. M. C. A.,* 27 *N. J.* 67 (1958) and *Dalton v. St. Luke's Catholic Church,* 27 *N. J.* 22 (1958), we held that under sound common law principles, and absent any binding statutory declaration to the contrary, charitable associations are justly to be held accountable for their tortious conduct in the same manner as are all other associations. Shortly after these decisions were announced, the Senate passed a bill (*S* 204) which granted immunity to charitable associations from liability to any persons who suffer damages from the negligence of any agents or servants of the charitable associations. Paragraph 3 of the body of this bill provided that it shall "operate retroactively to January, 1956," and the title to the bill contained a reference to such retroactive operation. When the Senate bill was considered in the Assembly it was replaced by an Assembly committee substitute which provided that charitable associations organized for hospital purposes shall be accountable in an amount not exceeding $10,000 to beneficiaries who suffer damages from

the negligence of the associations or their agents or servants, and that other charitable associations shall be totally immune from responsibility to beneficiaries who suffer damages from the negligence of agents or servants of the associations.

The provisions of paragraph 3 of the Senate bill were omitted entirely from the Assembly committee substitute, although the original title of the Senate bill remained unaltered. While the Assembly's failure to alter the original title may well have been inadvertent, its affirmative rejection of the provisions of paragraph 3 could hardly have been other than deliberate and presumably was motivated by doubts as to the constitutional power of the Legislature to bar causes of action in tort which had already accrued. See *Terracciona v. Magee, supra; Siller v. Siller,* 112 *Conn.* 145, 151 *A.* 524 (*Sup. Ct. Err.* 1930); *Massa v. Nastri,* 125 *Conn.* 144, 3 *A. 2d* 839, 120 *A. L. R.* 939 (*Sup. Ct. Err.* 1939); cf. *Pickering v. Peskind,* 43 *Ohio App.* 401, 183 *N. E.* 301 (*App. Ct.* 1930); *Cusick v. Feldpausch,* 259 *Mich.* 349, 243 *N. W.* 226 (*Sup. Ct.* 1932). The Assembly committee substitute was duly passed by the Assembly, was thereafter passed by the Senate, and became *L.* 1958, *c.* 131, on July 22, 1958. Under its terms, it took effect immediately and expires on June 30, 1959.

On April 13, 1959 a successor bill was passed by the Senate (*S* 181), granting immunity to charitable associations from liability to any beneficiaries who suffer damages from the negligence of any agents or servants of the charitable associations. Although the bill was introduced after the Law Division had held in *Turer* and *Terracciona, supra,* that *L.* 1958, *c.* 131, was not retroactive, it contained no provision for retroactivity. In the Assembly it was replaced by an Assembly committee substitute which provided that charitable associations organized exclusively for hospital purposes shall be accountable in an amount not exceeding $10,000 to beneficiaries who suffer damages from the negligence of the associations or their agents or servants, and that other charitable associations shall be totally immune from responsi-

bility to beneficiaries who suffer damages from the negligence of agents or servants of the associations. There was no provision for retroactivity in the Assembly committee substitute, which was duly passed by the Assembly, was thereafter passed by the Senate, and became *L.* 1959, *c.* 90, on June 11, 1959.

It is well settled that in judicially construing a statute its terms are not given retroactive operation "unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the legislature cannot otherwise be satisfied." See *Kopczynski v. County of Camden*, 2 *N. J.* 419, 424 (1949); *Connell v. Carpenter*, 9 *N. J. Super.* 236, 241 (*App. Div.* 1950). And if retroactive application would result in unconstitutional impairment of vested rights, it would generally be presumed that the Legislature intended that the statute operate only prospectively. See 2 *Sutherland, Statutory Construction* (3*d* ed. 1943), § 2212. In the instant matter no determination need be made on the constitutional issue, for it is entirely evident to us from the pertinent history that the Legislature deliberately declined to make either *L.* 1958, *c.* 131, or its successor legislation (*L.* 1959, *c.* 90) retroactive in any respect. The judgment of the Essex County Court denying the motion for summary judgment was proper. See *Turer v. Ahavas Achem Anshe, Belleville, supra; Terracciona v. Magee, supra.*

Affirmed.

Burling, J. (dissenting). I concur with that portion of the majority opinion holding that *R. S.* 16:1–48 *et seq.,* is not retroactive. In my dissent in *Collopy v. Newark Eye and Ear Infirmary*, 27 *N. J.* 29, 61 (1958), incorporated by reference in *Dalton v. St. Luke's Catholic Church*, 27 *N. J.* 22, 28 (1958), and *Benton v. Y. M. C. A.*, 27 *N. J.* 67, 72 (1958), my views were summed up as follows:

"Until such time as I may be convinced by a firm foundation in fact that the overturn of the charitable immunity doctrine will,

weighing all the interests involved, have a socially beneficial effect I would uphold it." (*27 N. J.*, at *page* 67)

Suffice it to say that the legislative hearings and action following the decisions of this court in the recent charitable immunity cases have not convinced me otherwise.

Accordingly, I would vote to reverse the order denying defendant's motion for summary judgment.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—Justice BURLING—1.