IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

## AT NOVEMBER TERM, 1876.

JESSE K. VREELAND v. EDMUND C. BRAMHALL ET AL.

The provision in the mechanics' lien law authorizing amendments of the lien-claim, is not retrospective, so as to apply to a claim filed before its enactment.

On case certified from the Hudson Circuit.

Mechanics' lien filed May 28th, 1873. Summons was duly issued and declaration filed. The builder pleaded non-assumpsit and the owner the statutory plea. Notice of the non-joinder of one John Lindsey, as a plaintiff, was duly served.

The plaintiff thereupon made a motion to amend the lien-claim and other proceedings by the insertion of the name of said Lindsey as co-claimant and plaintiff.

This motion was certified to this court for its advisory opinion.

Argued at June Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

VOL. X.                 A

For the plaintiff, *J. F. McGee.*

For the defendants, *Gilbert Collins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This motion should not be granted.   The general principle of statutory construction is averse to giving to laws a retrospective effect, and the consequence is, such force is never ascribed to any act unless an intention to that end is to be found either in its language or object.   In the present instance, such intention is not discoverable, either from expression or implication.   The words and purpose of the section in question, are perfectly accordant with an interpretation attributing to it exclusively a prospective operation.   To apply it to past transactions would be to hazard an injustice.   Prior to this enactment, all persons had a legal right to look upon lien-claims as unamendable, and to vend and purchase land on that basis.   To defeat expectations so founded, would be obviously unfair and inequitable.

The Circuit Court is advised that the lien-claim in question is not amendable.