SIGMUND WARSHUNG v. CAROLINE R. HUNT ET AL.

1. The supplement to the act to regulate the practice of courts of law, approved April 25th, 1884, (*Pamph. L., p.* 269,) limiting the allowance of a writ of *certiorari* to review an assessment for taxes, to recover which any sale has been made by virtue of any special or local law, to six years from the date or time of such sale, is prospective and not retroactive.
2. Such construction is favored in law.
3. It is essential that all statutes of limitation which affect existing rights and remedies shall allow a reasonable time after they take effect for the commencement of suits on such cause of action.
4. An advertisement of sale of lots for taxes must be sufficient in description to warn the owner and direct the attention of others to the particular property to be sold.

On *certiorari* to review the tax for 1876, on land in the Third ward of Rahway, assessed to Julia Chapman and sold for taxes to the mayor and common council of said city. The certificate of sale, the assignment thereof and the declaration of sale to Caroline H. Hunt are returned.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *R. E. Chetwood.*

For the defendants, *Vail & Ward* and *G. Berry.*

The opinion of the court was delivered by

SCUDDER, J.   The first motion is made on behalf of the defendants, to dismiss the writ of *certiorari*, because not allowed within six years from the date or time of the sale, according to the "supplement to the act to regulate the practice of courts of law," (*Pamph. L.* 1884, *p.* 269,) approved April 25th, 1884.

The sale of these lands for taxes was made January 5th, 1878, the certificate of sale is dated March 20th, 1878, and

the writ was allowed October 20th, 1884, after more than six years had elapsed. The writ was purchased in aid of an action of ejectment and is within time, unless this recent statute is applicable. *State, Baxter, pros.,* v. *Jersey City,* 7 *Vroom* 188. The act is brief, and enacts "that no writ of *certiorari* shall hereafter be granted or allowed to review any assessment for taxes, to recover which taxes any sale has been had or made by virtue of any special or local law, or to review the proceedings of any such sale, unless such writ be granted or allowed within six years from the date or time of such sale." It is to take effect immediately.

This sale was made under a special and local law, to wit, the charter of the city of Rahway, and is, in this respect, within the terms of the statute. But the important question is whether the whole act is intended to be retrospective, or prospective only. Its terms are prospective, and apply to all cases where, in the future, any sale has been had or made for the recovery of taxes. The fact of such sale is made the point on which the limitation shall begin to act, and the writ can only be granted or allowed within six years thereafter. It is true that the words " has been had," or " has been made," might apply to a sale that had been made before the law was enacted, but the construction already given, that it may indicate a sale in the future, is sufficient to decide which shall be adopted, for the rule of construction of statutes is, that every reasonable endeavor shall be made so to interpret the statutory text as to give the law a prospective and not a retroactive effect. *Proprietors* v. *Jones,* 7 *Vroom* 206 ; *State, Alden, pros.,* v. *Newark,* 11 *Vroom* 92 ; *McGovern* v. *Connell,* 14 *Vroom* 106 ; *Citizens' Gas Light Co.* v. *Alden,* 15 *Vroom* 648 ; *Boylan* v. *Kelly,* 9 *Stew. Eq.* 331.

If a retroactive effect were given, then the cases of municipal sales in the past, where the parties may, by statute, (*Rev., p.* 1045, § 15,) have the proceedings reviewed by *certiorari,* are suddenly deprived of this remedy without any time given before the act takes effect. A law limiting the time in which an action shall be brought, has been held not to apply to a

suit which was begun after the act was passed, but before it took effect. *State, Vreeland, pros.,* v. *Bergen,* 5 *Vroom* 438.

It is conceded that while there is no power in the legislature to take from this court the right to allow a writ of *certiorari,* or to deprive the writ of any of its essential attributes as a prerogative writ, yet a reasonable regulation or limitation as to the time within which it is to be sued for and allowed, is valid. *Green* v. *Jersey City,* 13 *Vroom* 118.

But it has been doubted whether any such limitation can be imposed, where an assessment on lands has been made under a statute which is challenged as unconstitutional. *State, Van Cleef, pros.,* v. *New Brunswick,* 9 *Vroom* 320.

It is essential that all statutes of limitation which affect existing rights and remedies, shall allow a reasonable time after they take effect, for the commencement of suits upon such causes of action.

This is a general rule which has been applied in many cases. *Cooley on Const. Lim.,* § 366, and notes.

To give this statute immediate effect as a retroactive law, would take away rights now secured by statute, without any time given for their assertion. This will not be presumed to be the legislative intention, nor will such construction be given, unless the words used are so positive as to permit no other interpretation.

The other reasons relating to the form of the assessment, are either not sustained by the facts, as proved, or are amendable under the statute of 1881, and may be corrected by evidence outside the return. *Woodbridge* v. *State, Allen, pros.,* 14 *Vroom* 262; *Conover* v. *Honce,* 17 *Vroom* 347. It is not necessary to refer to them in detail.

There is, however, a defect in the advertisement of sale which cannot be remedied. The only notice of what property is to be sold, is in these words: "Third Ward, Chapman, Julia A., cost 1.50, Int. 24.22, Tax 177.23—Total 202.95." This is the only advertisement of eight parcels of land in the Third ward belonging to Julia A. Chapman. To hold such notice of sales of land for taxes good, would go far beyond

any case yet decided. *State, Allen, pros.*, v. *Woodbridge*, 13 *Vroom* 401, where there was a fuller description given, says it should be such as to warn the owner for what property he is assessed, and such as to secure a fair sale, by showing to purchasers what property is to be sold. Here, there was no notice to purchasers to indicate whether one lot or eight lots were to be sold, and no description whatever, by which they could be identified.

This omission will invalidate the sale and all that follows it, including the certificate of sale to the city and the declaration of sale to Caroline R. Hunt.

The assessment is particular and sufficiently descriptive of the land, giving the name of the owner, the ward, the streets, number of lots, and amount assessed.

This will therefore be affirmed, but without costs to either party.