ABRAHAM J. SHACK, PLAINTIFF-APPELLEE, v. MAX WEISSBARD, DEFENDANT-APPELLANT.

Argued May 4, 1943—Decided August 24, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the plaintiff-appellee, *Braff & Litvak* (*Joseph N. Braff*, of counsel).

For the defendant-appellant, *Bilder, Bilder & Kaufman* (*Samuel Kaufman*, of counsel; *Bernard Hellring*, on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is the defendant's appeal from a judgment of the Essex County Circuit Court awarding possession of a certain one-family house in the City of Newark to the plaintiff. The sole question in the case is whether or not the provisions of our statute, *R. S.* 46:8–10 (*Pamph. L.* 1941, *ch.* 317), are controlling under the circumstances of this case. The cited statute became effective as of August 4th, 1941. The following are the facts and circumstances of the question before us.

On August 8th, 1938, defendant, Weissbard, leased the premises from the Revenue Building and Loan Association for a period of one year, beginning October 1st, 1938, at a rental of $1,200 per annum, payable at the rate of $100 a month. The contract contained no provision for notice of termination to supersede the notice requisite of the statute, *R. S.* 2:58–22. At the end of the first year Weissbard held over and thereby became a year to year tenant (*Cf. Maier* v. *Champion,* 97 *N. J. L.* 493, 495). As such tenant it is clear that Weissbard was entitled to three months' notice in termination of the tenancy (*R. S.* 2:58–22; 46:8–9). The tenancy was continued by Weissbard holding over each year successively through October 1st, 1941. The plaintiff, Abraham J. Shack, purchased the premises on April 21st, 1942, and on August 19th of that year gave written notice to Weissbard to quit the premises on October 1st, 1942. The statute of 1941 (*R. S.* 46:8–10) reads as follows: "Whenever a tenant whose original term of leasing shall be for a period of one month or longer shall hold over or remain in possession of the demised premises beyond the term of the letting, the tenancy created by or resulting from such acceptance of rent by the landlord shall be a tenancy from month to month in the absence of any agreement to the contrary." The only question in this case therefore is whether by virtue of this act a one month notice to the defendant, Weissbard, could end the tenancy which he enjoyed in August, 1942, or whether a three months' notice to quit was indispensable if the tenancy was to be ended on October 1st of that year.

The appellant argues generally that the statute is not applicable or effective in these circumstances; that it must be given a prospective interpretation, otherwise his contractual rights are impaired and the due process clause of our basic law violated (article 4, section 7, paragraph 3, New Jersey Constitution). Specifically, his contention is that by holding over through these several years he continued to enjoy the vested right to a three months' notice to quit which came into being by virtue of his holding over after the first year which ended October 1st, 1939. As against this, the respondent argues that the status of the hold-over tenant must be considered as of August 4th, 1941, the effective date of the statute, *supra,* even though the Weissbard tenancy was undisturbed by any notice during that year and, further, that even though up to October 1st, 1941, a year to year tenancy existed, nonetheless thereafter the provisions of the instant statute are controlling and that one month's notice to quit was sufficient. We think there is no merit in this argument. There is no room for doubt that during these several years the tenant, in the absence of a three month notice, became, by holding over, a year to year tenant. He paid the rent; it was accepted; and he acquired the status of a yearly tenant. *Maier* v. *Champion, supra.* The character of his tenancy became fixed when he first held over in 1939, and continued as such by his holding over successively. Thus, in our opinion, his status was established and might not be disturbed unless he had a three month notice to quit the premises. The respondent says that after the enactment of the statute in 1941 Weissbard became a month to month tenant and his occupancy became subject to a one month's notice to vacate. We think otherwise. The hold-over which created a year to year tenancy occurred on October 1st, 1939. The status of Weissbard as a year to year tenant is established as of that date and not on any anniversary thereof. Another answer to the respondent's argument is to be found in the language of the 1941 statute itself. It does not provide that thereafter existing year to year tenancies may be terminated by a month's notice to quit but rather that thereafter a hold-over tenancy shall result in a month to month tenancy in the absence of

agreement to the contrary. Its effect is that year to year tenancies arising through hold-over are abolished. Further, in our opinion, the act is clearly prospective. It applies to hold-over tenancies that may arise after the effective date of the statute and not those that had theretofore been established. This construction sustains the legislation as valid— the other would bring the statute into collision with vested right. It is our duty to uphold an enactment of the legislature if reasonably it can be done. The instant case presents no difficulty in this respect. That the statute should not be given retrospective effect when property rights are adversely affected is well settled in this state. *Cf. Baldwin* v. *Flagg,* 43 *N. J. L.* 495; *Morris* v. *Carter,* 46 *Id.* 260; *Vanderbilt* v. *Brunton Piano Co.,* 111 *Id.* 596, 599. These cases, not exactly in point, are quite analogous in principle.

The judgment under review is reversed.