This is the appeal of Morristown Electrical Supply Co. and Hi-Fro Electrical Supply Co. from a decision of the Unemployment Compensation Commission holding that petitioners were "not successors under section 19 (h) (2) and each became subject in its own right during the calendar year 1948, as of January 1st of that year, with a contribution rate of 2.7 per cent." The matter was heard upon stipulated facts which may be summarized as follows: In 1923 Alexander Fromm and Sol Hirsch operated the Morristown Electrical Supply Co. as a partnership. Branches were opened in Plainfield and Phillipsburg under the respective trade names of Hi-Fro Electrical Supply Co. and The Warren Electrical Supply Co. Each partner had an undivided half interest in each company. In 1931 the partnership was converted into a corporation, Morristown Electrical Supply Co., and continued as such until 1944 when it was reconverted into a partnership, each partner having an equal interest. In operation, each branch was a separate entity, having separate inventory, bank accounts, purchasing principles, salesmen, delivery systems and employees. There was no commingling of the facilities of one company with that of another. Upon the enactment of the Unemployment Compensation Law in 1936, erroneously stipulated as 1946, the then corporation became subject thereto and so continued after the change from a corporation to a partnership in 1944. In 1947 the partnership was dissolved, Hirsch taking over the Morristown company and Fromm the others. The Morristown establishment constituted 37 per cent., the others 63 per cent., of the partnership assets.
Prior to the dissolution in 1947, the partnership enjoyed a contribution rate of 0.9 per cent. based upon its favorable *Page 219 
benefit experience. R.S. 43:21-7 (c) (4) (B). When, however, the partnership was dissolved and the assets divided, the Unemployment Compensation Commission assigned a contribution rate of 2.7 per cent. to each of the appellants. This is the beginning rate fixed by R.S. 43:21-7 (c) (3). The above statutory references are to the statute prior to its amendment in 1948.
The appellants argue that each company "was covered under the Unemployment Compensation Law as an employing unit as of October 6, 1947, and entitled to the merit rating of its predecessor in title." As of the date of the division of the partnership assets, the statute, R.S. 43:21-19 (h) (2), defined an "employer,"inter alia, as: "any employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this chapter."
It was the partnership which had a merit rating of 0.9 per cent. and not the separate businesses, and such is the theory of the decision of the Commission. It is in accord with Finston andNaidech v. Unemployment Compensation Commission, 132 N.J.L. 276
(Sup. Ct. 1944); affirmed, 134 Id. 232 (E. A. 1946), on the opinion below. Mr. Justice Case there said: "Taking the pertinent words of the statute, we have it that "`employing unit' means * * * any partnership * * * which has * * * in its employ * * *," etc. "Clearly, the statute recognizes the partnership as an `organization' that has the right to, and does, employ. The inclusion of partnerships with individuals, companies, corporations and other employing units is persuasive that the Legislature conceived of a partnership as an entity, for the purpose of employing, within the purview of the statute." Taking the partnership as an entity composed as it was of the three branches, it becomes clear that when the division of assets was made, neither partner acquired "the organization, trade or business, or substantially all the assets thereof."
Our attention is directed to an amendment of R.S. 43:21-7, effective June 1, 1948, which would be applicable to the situation here presented and work a different result — *Page 220 
the one for which appellants contend — if it were to be given a retroactive effect. Statutes are to be given prospective and not retroactive effect, unless their language makes them retroactive and admits of no other construction. Public Service Electric Co.v. Board of Public Utility Commissioners, 88 N.J.L. 603 (E. A. 1916). There is no such language in R.S. 43:21-7.
The order under review is affirmed.