STANLEY KOPCZYNSKI, PLAINTIFF-APPELLANT, v. COUNTY OF CAMDEN, DEFENDANT-RESPONDENT.

Argued June 20, 1949—Decided June 30, 1949.

420

421

*Mr. Meyer L. Sakin* argued the cause for the plaintiff-appellant.

*Mr. Joseph W. Cowgill* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

BURLING, J. This is a certification to the Superior Court, Appellate Division, to review a judgment of that court affirming a judgment of the Camden City District Court in favor of the defendant-respondent. The question involves the construction of *R. S.* 2:16–36 and the amendment thereof by *chapter* 344 of the laws of 1947. The facts are not disputed.

Appellant was appointed in September, 1935, by the Judge of the Camden County Court of Common Pleas as a court interpreter pursuant to *R. S.* 2:16–36, and his salary fixed by the judge pursuant to the provisions of the statute as it then existed.

This statute was amended by *chapter* 344 of the laws of 1947 so that it read as follows:

"1. Section 2:16–36 of the Revised Statutes is amended to read as follows:

2:16–36. The compensation of interpreters appointed to interpret the Italian, German, Polish and Russian, and Hungarian and Slavish

languages shall be fixed by the judge of the court of common pleas of the respective counties, or by the judges of such court if there be more than one such judge in any county: provided, however that the salaries so fixed shall not become effective unless approved by resolution of the board of chosen freeholders of the county wherein such salaries are to be paid.

The salaries herein provided shall be paid by the treasurer of each county, semi-monthly, out of the funds of the county, and shall, whenever fixed as herein provided, be in lieu of all other fees or compensation whatsoever.

2. This act shall take effect immediately.

Approved June 25, 1947."

It will be noted that the significant change added by the 1947 amendment was the requirement of a resolution of approval by the board of freeholders. The applicability of this amendment to appellant furnished the basis of this appeal.

On January 21, 1948, appellant's salary was $2,000 *per annum*, having been fixed at this amount by the Judge of the Camden County Court of Common Pleas on January 1, 1946. This salary had been paid without objection by the county both before and after the effective date of the 1947 amendment, June 25, 1947. On January 21, 1948, appellant received a letter from Samuel C. Berry, Director of Revenue and Finance of Camden County, to the effect that the Board of Freeholders had not provided for appellant's salary in the 1948 budget and for that reason appellant's services with the County of Camden would be terminated after January 31, 1948. Appellant reported for duty from February 1, 1948, to March 15, 1948, and demanded his pay on the regular pay days, payment being denied him by the county treasurer. On March 16, 1948, he commenced the present action in the Camden City District Court to recover the salary allegedly due him for the period from February 1, 1948, to March 15, 1948, this sum amounting to $249.99.

On May 25, 1948, the Board of Freeholders passed the following resolution:

"WHEREAS, pursuant to *R. S.* 2:16-36, the compensation of interpreters is fixed by the Judge of the Court of Common Pleas and that the salaries so fixed shall not be effective unless approved by resolution of this Board; and

WHEREAS, in this enlightened day and age, the daily need for such court interpreters is unnecessary and the services performed by court interpreters in Camden County for years has been nil; and

WHEREAS it is the intent of this Board to make payment for the services of any such court interpreters on a *per diem* basis;

NOW, THEREFORE BE IT RESOLVED by the Board of Chosen Freeholders of the County of Camden that the salaries fixed for court interpreter, Sabba Verdiglione and Stanley Kopczynski be and the same are hereby not approved;

BE IT FURTHER RESOLVED that this resolution shall be effective as of February 1, 1948;

BE IT FURTHER RESOLVED that a certified copy of this Resolution be forwarded to the Civil Service Commission.

Passed by Board on May 25, 1948."

It will be noted that this resolution purported to be retroactive to February 1, 1948. It is obvious that the resolution was passed with appellant's District Court action in mind.

The District Court gave judgment for respondent on the ground that appellant's remedy was misconceived. The Appellate Division rejected the ground relied upon by the District Court but affirmed the judgment upon the basis that the 1947 amendment to *R. S.* 2:16–36 debarred appellant from recovery. We granted certification.

First: We express no opinion as to whether the appellant enjoyed civil service status or not as that question is not necessary to a decision. Assuming but not admitting that he possessed civil service status we are in agreement with the Appellate Division that he was not required to appeal to the Civil Service Commission. *R. S.* 11:22–38 provides that no employee within the protection of the statute may be removed, discharged, fined or reduced until he has been furnished with a written statement of the reasons for such action by the appointing authority. It further provides that the action of the appointing authority ordering or directing such removal, discharge, fines or reduction shall not take effect until approved by the Commission. It is clear from the statutory language that the removal procedure established by the Legislature contemplated the initiation thereof by the appointing authority and no one else. The cases of *Van Sant v. Atlantic City*, 68 *N. J. L.* 449 (*Sup. Ct.* 1902), and *Keegle*

*v. Hudson County,* 99 *N. J. L.* 26 (*Sup. Ct.* 1923), relied upon by the District Court stand for the proposition that an employee who is illegally dismissed by the appointing authority must exhaust his administrative remedy before the Civil Service Commission before he may appeal to the courts. This doctrine is not applicable to the instant case for the reason that the appointing authority, the Judge of the County Court, has not acted adversely to appellant. He has not been discharged in contravention of *R. S.* 11:22–38.

 Second: We are not in accord with the reasons advanced by the Appellate Division in affirming the judgment below. The Appellate Division construed *chapter* 344 of the laws of 1947 as requiring a resolution of approval by the Board of Freeholders as a condition precedent to the reception of salaries by those interpreters who were appointed prior to its passage and receiving salaries fixed by the County Judge in compliance with the act as it then stood. We do not so construe the act. A cardinal rule in the interpretation of statutes is that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature cannot otherwise be satisfied. *Burdett v. Municipal Employees, etc., Newark,* 129 *N. J. L.* 70, 72 (*E. & A.* 1942); *Harrington Co. v. Chopke,* 110 *N. J. Eq.* 574, 579 (*E. & A.* 1932); 2 *Sutherland, Statutory Construction* (1943), § 2212, *pp.* 134, 135. Applying this test to the amendment in question, no such intention of retroactivity appears. To the contrary, the statute bespeaks futurity. The statutory language is that such salary "shall not become effective" until its approval by resolution of the board of freeholders. Appellant's salary was effective and was being paid without question at the time the amendment took effect.

The Legislature could not have intended that upon the enactment of *chapter* 344 of the laws of 1947 the right of incumbent to the salaries theretofore fixed should terminate instanter. Obviously no hiatus was intended. We are not called upon to decide whether the Board of Freeholders may,

under the terms of the statute, affect salaries already effective when the act took effect. The present action is brought to recover salary for a period prior to any action by resolution and therefore the question is beyond the scope of the issues presented.

With respect to those interpreters already employed with fixed salaries, the intent of the Legislature is clear that no such affirmative action by the Board of Freeholders is necessary.

██ ██ This action is brought to recover appellant's salary for the period from February 1, 1948, to March 15, 1948. At the latter date, no resolution of disapproval existed. Manifestly the letter from the Director of Revenue and Finance cannot act as a substitute for the statutory resolution. Nor was the resolution of May 25, 1948, effective to act retroactively. Indeed, it was not effective at all. While it purported to disapprove appellant's salary, it is clear that it went much further than that and attempted to abolish the position. This was an usurpation of the powers conferred by the Legislature upon the County Judge by *R. S.* 2 :16–35. The statute provides that interpreters should be appointed by the County Judge and hold office during his pleasure. It is clear that the Legislature intended the County Judge be charged with the determination of the need for interpreters of the various languages referred to in the act in the efficient administration of justice in the courts referred to in the act. The resolution of May 25, 1948, transgressed upon this function of the County Judge and is consequently *ultra vires* and void.

It necessarily follows that appellant is entitled to his salary for the period sued for. The judgment of the Superior Court, Appellate Division, is reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.