9 N.J. Super. 236 (1950)
75 A.2d 905
EDWARD CONNELL, ET AL., PLAINTIFFS-APPELLANTS,
v.
WILLIAM S. CARPENTER, PRESIDENT, DEPARTMENT OF CIVIL SERVICE OF NEW JERSEY, DEFENDANT-RESPONDENT. EDWARD RIKEMAN AND PATRICK ANTONACCIO, PLAINTIFFS-APPELLANTS,
v.
WILLIAM S. CARPENTER, PRESIDENT, DEPARTMENT OF CIVIL SERVICE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1950.
Decided October 18, 1950.
*239 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, Jr.
Mr. David H. Harris argued the cause for plaintiffs-appellants.
Mr. John W. Griggs, Deputy Attorney General, argued the cause for defendant-respondent (Mr. Theodore D. Parsons, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The sole question presented is whether the Department of Civil Service erred in holding the appellants ineligible to take an examination, which was held on February 18, 1950, for promotion from the rank of patrolman to the rank of sergeant in the City of Jersey City.
In 1949 the Department of Civil Service gave public notice that an examination would be held for sergeant in the Police Department of Jersey City "Open to Detectives and Patrolmen in the Police Department, Jersey City, who have served as such in a permanent capacity for at least three years immediately preceding the announced closing date (October 17, 1949) for filing applications for this examination." When the examination was held on February 18, 1950, the appellants had served in a permanent capacity as patrolmen for more than two years but less than three years. The appellants, who are honorably discharged veterans of World War II, claim they were eligible to take the examination by virtue of the provisions of R.S. 11:27-12, R.S. 11:27-1 (as amended by L. 1946, c. 227, and L. 1947, c. 63), and L. 1945, c. 175.
*240 Appellants rely on the following provision of R.S. 11:27-12: "A member of the police department in a city of the first class who served in the war between the United States and the German Empire shall be entitled to be admitted to examination for promotion to a superior rank and upon successfully passing such examination shall be entitled to appointment in such superior rank, notwithstanding that fact that such person may not have held the position or rank held or occupied by him at the time of taking the examination for more than two years." They argue that they are members of the Police Department "who served in the war between the United States and the German Empire." The source of this section (L. 1920, c. 164) provided: "served in the recent war between the United States of America and the Imperial German Government." (Italics ours.) While editorial change in the language occurred in the 1937 revision, the service was still expressed in the past tense. The war intended in the 1920 act, and in its revised form in R.S. 11:27-12, is World War I, and the appellants did not serve in that war. This conclusion makes unnecessary any determination of the argument that World War II was a "war between the United States and the German Empire."
The next contention is that even though R.S. 11:27-12 may apply only to service in World War I, its application has been extended to veterans of World War II by the amendments to R.S. 11:27-1, which were made by L. 1946, c. 227 and L. 1947, c. 63. R.S. 11:27-1 is a section which deals only with the definition of certain terms used in Subtitle 4 of Title 11 of the Revised Statutes. Since no term defined in R.S. 11:27-1 is used in R.S. 11:27-12, the former section can be of no aid in the construction of the latter section.
Appellants next rely on the provisions of L. 1945, c. 175, entitled, "An Act concerning persons honorably discharged from the armed services of the United States in any of its wars, and supplementing Title 38 of the Revised Statutes," which provides:
*241 "Whenever in any law, any rights, privileges or benefits are granted to persons holding any appointive office, position or employment in either the State, county or municipal government by reason of having been honorably discharged from the armed services of the United States in any of its wars, such persons shall include all those engaged in the public service in any of its branches within this State. No distinction shall be made by reason of the source of the public funds from which such person is paid or the changes in or from the governmental office, position or employment to any other branch of the government within this State."
Appellants have not pointed out, and we are unable to discern, how this 1945 act can have the effect of enlarging the provisions of R.S. 11:27-12 so as to include service in World War II.
Lastly, appellants argue that they were made eligible to take the examination held on February 18, 1950, by the amendment of R.S. 11:27-12 (L. 1950, c. 305, effective July 6, 1950). The 1950 amendment provides:
"11:27-12. A member of the police or fire department in a city of the first class who served in either World War I or World War II shall be entitled to be admitted to examination for promotion to a superior rank and upon successfully passing such examination shall be entitled to appointment in such superior rank, notwithstanding the fact that such person may not have held the position or rank held or occupied by him at the time of taking the examination for a period of two years, if he has or shall have held or occupied the same for a period of one year. Any such person, who prior to April fifteenth, one thousand nine hundred and fifty, may have taken and passed such examination for promotion, shall be entitled to and receive the benefit of this section."
A cardinal rule in the interpretation of statutes is that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature cannot otherwise be satisfied. Kopczynski v. County of Camden, 2 N.J. 419, 424; 2 Sutherland, Statutory Construction (1943), § 2212. In accordance with the rule applicable to original acts, it is presumed that provisions, added by amendment, affecting substantive rights are intended *242 to operate prospectively. 1 Sutherland, Statutory Construction (1943) § 1936. The 1950 amendment added members who served in World War II to those who "shall be entitled to be admitted to examination for promotion"; but this is clearly intended to operate prospectively. The last sentence of the amendment is of no aid to appellants, because it applies only to persons who took and passed an examination for promotion.
The determinations under appeal are affirmed.