GREGG L. NEEL, INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PENNSYLVANIA, PLAINTIFF-APPELLANT, v. CHARLES S. BALL, DEFENDANT-RESPONDENT.

Argued February 12, 1951—Decided March 19, 1951.

*Mr. James B. Avis* argued the cause for appellant (*Mr. R. Edward Klaisz, Jr.,* attorney).

*Mr. Furman A. DeMaris, Jr.,* argued the cause for respondent (*Mr. Furman A. DeMaris, Jr.,* attorney for defendants Joseph Werner, Herman Regensburg and John B. Latimer. *Mr. Ephraim Tomlinson,* attorney for defendant R. Geoffrey Walker. *Mr. Grover C. Richman,* attorney for respondent and for defendants Eleanor Ball, Charles O. Teter, Jane M. Hoeflich, Carrie C. Batchelor, Paul C. Doering, Leon A. Dilks, E. K. Post and Harold M. Post. *Mr. John Claud Simon,*

attorney for defendants Dennis P. Furey, Frank LeB. Rich-
dale and Frank LeB. Richdale, Jr., Thomas H. Hicks, Jr., and
Alma Hicks. *Mr. Edward West,* attorney for defendant
Charles Norcross. *Mr. Waller S. Keown,* attorney for defend-
ant Elizabeth S. Garton).

The opinion of the court was delivered by
WACHENFELD, J. The plaintiff, in his official capacity as
Insurance Commissioner of Pennsylvania, brought actions in
the Camden County District Court against 56 defend-
ants to recover sums assessed against them as policyholders
in the insolvent Keystone Indemnity Exchange by the Com-
monwealth of Pennsylvania.

The actions were commenced in September, 1944. Not hav-
ing been brought on for trial, they were, on September 28,
1948, placed on the "not moved" list. At that time, *R. S.*
2 :32–97 provided that cases marked "not moved" could there-
after be put on the trial list by either party within a period of
two years.

On January 1, 1949, *Rule 7* :7–6 was adopted and provided
a case so marked might be brought to trial by either party,
upon notice to all adverse parties, within six months and not
thereafter.

Pursuant to the new rule, the judge of the Camden District
Court, on April 6, 1950, without notice to the plaintiff, di-
rected the clerk to mark the cases discontinued.

Thereafter, on April 10, the judge agreed to hear a mo-
tion for the rescission of the order. After argument, the court,
on May 3, entered an order denying the motion and confirm-
ing the order of discontinuance.

Notices of appeal were filed in all the actions and the Appel-
late Division ordered them consolidated and one brief and one
appendix filed in the case at bar, since precisely the same ques-
tion is presented with respect to all 56 defendants. The
appeal thus taken to the Appellate Division was certified here
on our own motion.

The primary question is whether *Rule 7* :7–6 applied, upon
its adoption, to cases already on the "not moved" list and cut

the time during which they might be brought on for trial from two years to six months, as determined by the court below.

The plaintiff contends this would give the rule a retrospective effect which cannot be inferred in the absence of a clear expression in the rule itself that it is to apply to cases on the "not moved" list at the time of its adoption.

The defendant asserts the rule became applicable immediately to all cases, whether or not they had already been marked "not moved," because it governs only the manner of pursuing a remedy and does not impair or affect any substantive right. It is urged, moreover, the appeal is out of time because the order of discontinuance was originally made on April 6 and notice of appeal was not filed until May 10, after the expiration of the 30-day period provided in *Rule* 1:2-5(e).

It is also suggested, apparently for the first time on this appeal, that the action has abated because the named plaintiff ceased to hold office as Insurance Commissioner of Pennsylvania in January, 1947, and no motion has been made, pursuant to *Rule* 3:25-4, to substitute his successor.

The questions of time of appeal and the propriety of maintaining the action in the name of the designated plaintiff will be disposed of first.

*Rule* 3:25-4 is substantially the same as *Federal Civil Rule* 25(d). In *Fleming v. Goodwin,* 165 *F.* 2d 334 (*C. C. A. 8th,* 1948), *certiorari* denied, 334 *U. S.* 828, it was held an action could be maintained even though the public official who, in his official capacity, instituted it had left office more than six months before and his successor had not been substituted. In reaching this decision, the court commented:

"We think that *Rule* 25(d) is no broader than the reason for it, and that this action may still be maintained, notwithstanding the failure of Bowles' successors to comply with the rule. * * *
The right and duty to institute and maintain the action attached to the office and not to the individual who happened to be holding the office at the time the action was brought."

Here, the action was brought by the original plaintiff in his representative capacity pursuant to a decree of a Penn-

sylvania court directing the Insurance Commissioner of the Commonwealth of Pennsylvania to take possession of the insolvent company and liquidate its affairs. Failure to make timely substitution, therefore, will not, in our opinion, abate the action and the court may, under *Rule* 3:25–5, appoint the present Insurance Commissioner in the place and stead of the plaintiff named herein.

As to the assertion that the appeals are out of time, the action of the District Court in marking the cases discontinued was taken without notice to the plaintiff. Four days later, on becoming cognizant of it, the plaintiff moved to have the order rescinded. The defendant claims that, because the court, after the hearing, denied the motion and ratified and confirmed the order of discontinuance made April 6, 1950, the time for taking an appeal ran from that date and had expired prior to May 10, when the notices of appeal were filed.

*Rule* 1:2–6 enumerates, as one of the motions which toll the time for taking an appeal, a motion to alter or amend a judgment under *Rule* 3:59. The plaintiff's motion for rescission of the order of discontinuance was in substance a motion to alter or amend a judgment of the court and so was embraced within the rule tolling the time for appeal. These appeals were therefore taken within the 30-day period set forth in *Rule* 1:2–5(e).

The real question presented goes to the merits of the original controversy. It arises from the defendant's insistence that *Rule* 7:7–6 governed, upon its adoption, these cases which had already been marked "not moved" as well as those which might, in the future, be so classified, relying upon *Winberry v. Salisbury, 5 N. J.* 240 (1950). There, however, the rule governing the time for taking the appeal had been promulgated and was in effect before the judgment was entered and the plaintiff's right of appeal accrued. Here, at the time the case was put on the "not moved" list in September, 1948, the plaintiff had, under *R. S.* 2:32–97, two years in which to move the case for trial.

The six months' limitation provided in *Rule* 7:7–6, if applied to the facts of this case, would have a retroactive effect

since the litigation was pending and the case had already been on the "not moved" list for more than three months at the time the rule was adopted.

Ordinarily, statutes relating to substantive rights are construed to operate only prospectively, in the absence of a clear expression of opposite intent. *Wittes v. Repko,* 107 *N. J. Eq.* 132 (*E. & A.* 1930); *Warshung v. Hunt,* 47 *N. J. L.* 256 (*Sup. Ct.* 1885); *Vreeland v. Bramhall,* 39 *N. J. L.* 1 (*Sup. Ct.* 1876).

This is not true, however, in the construction of statutes relating solely to procedure, and they are generally held applicable to pending proceedings where such application does not have the effect of disturbing vested rights or impairing the obligations of contracts. 2 *Sutherland, Statutory Construction* (3rd ed. 1943), § 2210, *p.* 129. 50 *Am. Jur.,* § 482, *p.* 507. *Morin v. Becker,* 6 *N. J.* 457 (decided March 5, 1951). We are not unmindful of the observation, in *Content v. Dalton,* 122 *N. J. Eq.* 425 (*E. & A.* 1937), that courts are reluctant to give a statute retrospective operation where to do so would work an injustice, but there the determination was on a matter not of procedure but of substantive rights.

It is specifically provided in our rules that they shall be relaxed by the court wherever the strict application of them would work an injustice. *Rule* 7:1–2, relating to practice in the county district courts, provides:

> *"Construction and Relaxation of Rules*
> These rules shall be construed to render the civil practice just, simple and uniform, and to prevent unjustifiable expense and delay. Where, however, strict adherence to the rules will work injustice or surprise, they may be relaxed or dispensed with by the court."

*Rule* 1:7–9 is of similar import, and *Rule* 1:7–10 provides that the new rules "shall become effective on September 15, 1948, and shall govern all proceedings thereafter commenced, and so far as just and practicable, all proceedings then pending."

We are thus enjoined to consider whether the application of *Rule* 7:7–6 to the case before us would be "just and practicable."

When the 56 actions instituted by the plaintiff, of which the case *sub judice* is one, were marked "not moved," the plaintiff had two years within which to complete his preparations and bring the cases on for trial. When *Rule* 7:7-6 became effective on January 1, 1949, more than twenty months of the statutory time remained to him. The record does not show, nor can we speculate upon, the reasons for the plaintiff's delay in moving the cases for trial. It is sufficient to note that when the County District Court of its own motion and without notice to the plaintiff ordered the cases marked discontinued on April 6, 1950, the statute of limitations had expired and the effect of the court's action below is to deprive the plaintiff of his day in court.

Under these circumstances, the application of *Rule* 7:7-6 to the case before us, and to its companion cases involving identical questions of law and fact, would not, we think, be just and practicable within the meaning and intent of the rules of this court.

The order of discontinuance made below is therefore vacated and the case is restored to the trial list.

Heher, J., concurring in result.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and ACKERSON—6.

*For affirmance*—None.