24 N.J. Super. 483 (1953)
94 A.2d 859
THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ARTHUR H. PADULA AND MARGARET C. PADULA, HIS WIFE, CONCETTA PADULA, VINCENT PADULA AND ALFRED L. PADULA, AS EXECUTORS OF THE ESTATE OF JAMES V. PADULA, AND GARDEN CONSTRUCTION CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 30, 1953.
*485 Mr. Charles Handler, attorney for plaintiff.
Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kaufman appearing), attorneys for Padula defendants.
Messrs. Kasen, Schnitzer & Kasen (Mr. Daniel G. Kasen appearing), attorneys for defendant Garden Construction Co.
STEIN, J.S.C.
This is a motion on the part of the defendant Garden Construction Co. to dismiss plaintiff's complaint. The cause of action, as set forth in the complaint, is that on March 17, 1951 the defendants other than Garden Construction Co. were the owners of a large tract of land in the City of Newark which is described in paragraph 1 of the complaint; that on March 22, 1951 those defendants conveyed to the defendant Garden Construction Co. a portion of the large tract; that conveyance was made by deed recorded on March 26, 1951 and that the portion conveyed constitutes part of a subdivision as defined in R.S. 40:55-15 et seq., and "was made without the approval of such subdivision by The City of Newark, as required by the statute, R.S. 40:55-15, as amended." It is charged in the complaint that said conveyance is therefore invalid and judgment is sought to set aside and invalidate said deed and also for the other penalties provided in the statute.
The defendants allege as grounds for dismissing the complaint: (1) the complaint fails to state a claim upon which relief can be granted; (2) N.J.S.A. 40:55-15, as amended, under which the above entitled cause is brought is, insofar as the said act is here sought to be applied to the *486 conveyance of the defendant Garden Construction Co., unconstitutional in that it contravenes (a) the Fourteenth Amendment to the Constitution of the United States, constituting a deprivation of property without due process of law, (b) Section X of Article I of the Constitution of the United States, said act R.S. 40:55-15 impairing the obligation (the deed) of the defendant Garden Construction Co., and (c) Article I, Section I of the Constitution of the State of New Jersey, depriving defendant Garden Construction Co. of due process of law and also impairing the obligation of its contract (the deed); (3) the plaintiff has failed to join in this action certain indispensable parties named in the notice. This latter objection would not prevail if this action were otherwise maintainable, for then the court could exercise its power to permit the plaintiff to amend its complaint and bring in any parties deemed indispensable.
The statute known as the "Planning Act," sometimes referred to as the "Subdivision Act" (N.J.S.A. 40:55-15, L. 1950, c. 67, effective April 25, 1950) provided as penalties for a violation: (a) a penalty of not less than $100 for each lot or parcel sold, and (b) the right to enjoin the transfer or sale or agreement by action for injunction. Such was the statute in effect when the deed now sought to be set aside was made and the grantee's estate became vested on March 22, 1951 in the premises described in the complaint.
The right to set aside and invalidate a conveyance such as is here involved is claimed to be derived from the statute in the complaint mentioned, N.J.S.A. 40:55-15. That portion of the statute which purports to give a municipality a right to maintain an action "to set aside and invalidate any conveyance made * * *" was enacted, L. 1951, c. 213, sec. 1, p. 768, approved and effective on June 13, 1951, and did not exist when the deed to the Garden Construction Co. was delivered and recorded and its estate became vested.
The statute upon which plaintiff's suit to set aside the deed of conveyance is rested provides:
*487 "If any owner or agent of any owner of any land transfers or sells or agrees to sell any land which forms a part of a subdivision as defined in this Title, before such subdivision has been approved by the approving agency, whether the planning board or governing body, the municipality in addition to any other remedy shall be entitled to institute and maintain a civil action in the Superior Court of New Jersey to restrain the transfer or sale or the performance of the agreement of sale and to set aside and invalidate any conveyance made pursuant to such transfer or sale. In any such action the transferee, purchaser or grantee of such land may be made a party or, if not made a party, may intervene therein, and the said transferee, purchaser or grantee shall be entitled to a lien upon the whole parcel, tract or plot of land from which the subdivision was made to secure the return of any deposit made or purchase price paid, and, also, a reasonable search fee, survey expense and title closing expense, if any. * * *"
The question calling for a decision is whether the June, 1951 amendment to the statute, providing for the first time that for a violation of the statute there may be maintained by the municipality in which lie the conveyed premises an action "to set aside and invalidate" the deed of conveyance, is only prospective in its operation and not applicable to conveyances made and estates vested prior to its enactment. A collateral question is whether such enactment, if by its language it is made to operate retroactively, does not offend the constitutional guarantees against the impairment of contracts and the taking of property without due process of law.
In Kopczynski v. County of Camden, 2 N.J. 419 (1949), our Supreme Court said:
"A cardinal rule in the interpretation of statutes is that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature cannot otherwise be satisfied."
Citing Burdett v. Municipal Employees, etc., Newark, 129 N.J.L. 70, 72 (E. & A. 1942); Harrington Co. v. Chopke, 110 N.J. Eq. 574, 579 (E. & A. 1932); 2 Sutherland, Statutory Construction (1943), § 2212, pp. 134, 135.
*488 In the later case of Neel v. Ball, 6 N.J. 546 (1951), our Supreme Court said:
"Ordinarily, statutes relating to substantive rights are construed to operate only prospectively, in the absence of a clear expression of opposite intent. Wittes v. Repko, 107 N.J. Eq. 132 (E. & A. 1930); Warshung v. Hunt, 47 N.J.L. 256 (Sup. Ct. 1885); Vreeland v. Bramhall, 39 N.J.L. 1 (Sup. Ct. 1876)."
In Morristown Electric Supply Co. v. State, 4 N.J. Super. 216 (App. Div. 1949), the Appellate Division said:
"Statutes are to be given prospective and not retroactive effect, unless their language makes them retroactive and admits of no other construction,"
In Connell v. Carpenter, 9 N.J. Super. 236, 241 (App. Div. 1950), the court said:
"A cardinal rule in the interpretation of statutes is that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature cannot otherwise be satisfied. Kopczynski v. County of Camden, 2 N.J. 419, 424; 2 Sutherland, Statutory Construction (1943), § 2212. In accordance with the rule applicable to original acts, it is presumed that provisions, added by amendment, affecting substantive rights are intended to operate prospectively. 1 Sutherland, Statutory Construction (1943) § 1936."
See also Andes v. Boyajian, 12 N.J. Super. 344, 349 (Ch. Div. 1951), in which it was pointed out that the statute there involved was not "explicitly retrospective" and that a statute will not be construed retrospectively unless such purpose is clearly indicated.
In the recent case of Nichols v. Board of Education of Jersey City, 9 N.J. 241, 248 (1952), Mr. Justice Burling, speaking for a unanimous Supreme Court, reiterated the rule laid down by the Supreme Court in Kopczynski v. County of Camden, supra, and again said:
"Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them."
*489 An examination of the June 1951 amendment here considered shows that it contains no provision for retrospective operation, nor any language from which such purpose can be made to appear. Had it been the legislative intent to make the amendment retroactive in operation, that purpose would have been expressed in the usual way, namely, that any sale or transfer "heretofore" made shall be subject to the provisions of the enactment. On the contrary, the amendment clearly contemplates future sales and provides that in such events the municipality "shall be" entitled to maintain an action to invalidate the conveyance. Shack v. Weissbard, 130 N.J.L. 472 (Sup. Ct. 1943), affirmed 131 N.J.L. 314 (E. & A. 1944). In several other places in the amendment is employed the verb of future tense. Nor can the words "If any owner * * * transfers or sells or agrees to sell" be so expanded as to carry a retrospective meaning and embrace sales or transfers which are antecedent to the June 1951 amendment. It certainly cannot be claimed that the words of that amendment are "so clear, strong and imperative" that no meaning other than retrospective operation can be attributed to them, or that the intent of the Legislature cannot be satisfied except by retrospective application. I therefore hold that the June 1951 amendment, upon which the plaintiff rests its cause of action, does not operate retrospectively and therefore cannot apply to the deed of the defendant Garden Construction Co., taken and recorded several months earlier, at which earlier time its estate became vested.
I deal with the collateral question of constitutionality only because if what I have said on retrospective operation be deemed error, the Appellate Court will have my view on the constitutional points raised by the defendant Garden Construction Co. If it be assumed that when the Legislature in June 1951 for the first time provided that an unapproved conveyance for a part of a larger tract may be invalidated and set aside the intention was to make that provision apply to deeds already delivered and estates already vested, then *490 clearly such legislation would be unconstitutional as so applied retrospectively. A deed when delivered is an executed contract and implicit therein is an obligation, that by which the grantor divests himself of his estate and the grantee becomes vested therewith. The invalidation or setting aside of such a deed is an impairment of that contract and clearly violates Section X of Article I of the Federal Constitution, which forbids any state to pass any law impairing the obligation of contracts. The matter before me is such a simple example of impairment of a contract that I consider it unnecessary to cite cases in support of my view. If the deed in question were to be invalidated and set aside, the result would be that the grantors would become again seized of the property. The constitutional interdiction relates to contracts executory and executed alike. In so pointing out, Cooley in his work on Constitutional Limitations quotes from the opinion of Chief Justice Marshall in Fletcher v. Peck, 6 Cranch 87, 10 U.S. 87, 3 L.Ed. 162 (1810), as follows:
"Since, then, in fact, a grant is a contract executed, the obligation of which still continues, and since the constitution uses the general term contract, without distinguishing between those which are executory and those which are executed, it must be construed to comprehend the latter as well as the former. A law annulling conveyances between individuals, and declaring that the grantors should stand seized of their former estates, notwithstanding those grants, would be as repugnant to the constitution, as a law discharging the vendors of property from the obligation of executing their contracts by conveyances. It would be strange, if a contract to convey was secured by the constitution, while an absolute conveyance remained unprotected."
The plaintiff's interpretation of the June 1951 amendment makes that enactment constitutionally offensive in another sense. To permit that amendment to destroy a vested estate in property would constitute a taking of property in violation of the due process clauses of the State and Federal Constitutions. See case of Penna.-Reading S.S. Lines v. Bd. of Pub. Utility Com'rs., 5 N.J. 114 (1950). Headnote No. 5 *491 to the opinion of Chief Justice Vanderbilt recognizes and treats as alike in respect of due process our State and Federal Constitutions, referring to Art. I, pars. 1, 20; U.S.C.A. Const., Art. 1, § VIII, cl. 3; Amend. 14.
There is no merit in the argument that the 1951 amendment relates only to remedy or procedure and is therefore a valid enactment. In Neel v. Ball, supra, our Supreme Court considered the subject of legislation operating prospectively and retrospectively. It held that statutes which concern substantive rights operate only prospectively, but otherwise with respect to statutes regulating procedure. The court said that statutes "are generally held applicable to pending proceedings where such application does not have the effect of disturbing vested rights or impairing the obligations of contracts." The provision of the June 1951 amendment is not a matter of mere procedure. It involves substantive rights and has the effect of destroying vested estates and impairing the obligation of contracts. This cannot be done by retroactive application and under the guise of furnishing a new or substituted or additional remedy.
Plaintiff's complaint will be dismissed.