**BOCHES v. MIAMI AIR LINE, Inc. et al.**
Civ. A. 947–52 to 951–52, 960–52,
961–52 and 1005–52.

United States District Court
D. New Jersey.
April 1, 1953.

James A. McTague, Jersey City, N. J., for plaintiffs.

Charles A. Rooney, Jersey City, N. J., for defendant Miami Air Line, Inc.

MEANEY, District Judge.

This matter comes before the Court on a motion of defendant Miami Air Line, Inc. to set aside service of process which was effected upon that corporation by serving the Secretary of State of New Jersey, pursuant to N.J.S.A. 6:5–3, on a cause of action arising out of the Elizabeth, N. J., crash of an airplane owned by the defendants, which crash took place on December 16, 1951.

N.J.S.A. 6:5–3 states, in effect, that any corporation not incorporated under the laws of this State or authorized to do business here, which by its agent or servant shall cause to be operated through the air space of this State any aircraft, shall, by causing such operation, constitute the Secretary of State its agent for the acceptance of process "in any civil action issuing out of any district court, county court or other court of civil jurisdiction * * * arising out of or by reason of any accident or collision occurring on or over the land or waters or in the air space of this State in which such aircraft so operated * * * is involved."

The defendant contends that the service made upon it pursuant to this statute was invalid, since the statute did not take effect until May 16, 1952, and the accident which caused the injuries complained of took place on December 16, 1951, five months before the date upon which the statute became effective, though service of process was made on November 21, 1952.

It is the plaintiff's position that service of process is purely procedural in nature

and that therefore statutes relating to methods of service and the manner in which it may be made apply to all actions accrued, pending and future. Plaintiff further insists that the time at which the cause of action arose is of no relevancy since the defendant, by continuing operations in New Jersey after the effective date of the Act, has subjected itself to the provisions of the Act. Plaintiff contends, also, that the technical immunity from service existing at the time the cause of action arose was a situation representing a "special evil" which the Legislature had in mind at the time of the passage of the Act and which it intended to remedy so as to provide protection for victims who had already suffered from such happenings, as well as future unfortunates.

The defendant relies largely on the doctrine set forth in the case of Gender v. Rayburn, 1937, 194 A. 441, 15 N.J.Misc. 704, with similar decisions arrived at in other jurisdictions, Duggan v. Ogden, 1932, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765; Paraboschi v. Shaw, 1927, 258 Mass. 531, 155 N.E. 445; Kurland v. Chernobil, 1932, 260 N.Y. 254, 183 N.E. 380; Schaeffer v. Alva West & Co., 1936, 53 Ohio App. 270, 4 N.E.2d 720; Hartley v. Utah Const. Co., 9 Cir., 1939, 106 F.2d 953. These cases, as well as section 23 of the Restatement of Judgments (1942), would seem to support the conclusion that where there is no personal service jurisdiction may be acquired over a person not domiciled within the state where the action is initiated, only if a statute of such state making provision for service other than personal is in existence at the time the cause of action arises.

The cases cited and the Restatement would seem to be determinative of this motion. But comparison of the case at bar with these authorities shows a rationale of differentiation. Since the passage of the act above referred to, the defendant company, which previous to its passage had done business in New Jersey, has continued to carry on its aircraft operations in the State. The question arises as to whether by such continuance the defendant may be considered to have consented to accept process through service on the Secretary of State in causes of action arising prior to May 16, 1952, the effective date of N.J.S.A. 6:5-3. None of the cited authorities deals with this particular problem, nor has it been directly treated by the Restatement of Judgments. These would seem to apply to situations where a single act resulting in injury is casually performed, as distinguished from acts performed by those doing business in the State. It is this Court's considered opinion that the defendant's continued operation in the State after May 16, 1952 rendered it amenable to process under N.J.S.A. 6:5-3 for causes of action arising before this last date but while it was doing business in the State.

Defendant argues that to uphold this service would affect its vested rights. It is hard to imagine, however, how there can be a vested right not to be served. Service of process is itself a matter of adjective law, since it relates to and deals with the mechanics of practice and procedure, the legal machinery by which the substantive law is made effective. 72 C. J.S., Process, § 25. It deals with remedial rights, the means given for enforcing a claim, or the process and machinery by which the facts are made known to the courts. Goodrich, Conflict of Laws, 2nd Ed., pp. 188, 189.

In Morin v. Becker, 1951, 6 N.J. 457, 79 A.2d 29, the Supreme Court of New Jersey has ruled that a statute affecting matters of procedure could validly be applied to the trial of a cause of action that had arisen prior to the effective date of the statute, since there are no vested rights in matters of procedure that are not subject to change (except as protected by the Constitution).

"When such changes are made they operate to control all proceedings then pending or commenced thereafter, unless it is otherwise expressly provided, regardless of when the cause of action arose. * * * statutes relating to remedies or procedure do not create new or take away vested

rights." 6 N.J. at page 470, 79 A.2d at page 36, Vanderbilt, C. J. See, also, Neel v. Ball, 1951, 6 N.J. 546, 79 A.2d 459.

Defendant then had no vested right not to be served since service, itself, is by its nature procedural and may be changed by the sovereign whose duty it is to determine such procedure.

Let an order be submitted in conformity with this opinion.